## BILAKOS *v.* KELLEY.

1. NEGLIGENCE—PERSONAL INJURIES—QUESTION FOR JURY.

   In an action for personal injuries alleged to have been caused by the negligent starting of a bread mixing machine by defendants' agent while plaintiff was working thereon, *held*, that the issue raised by plaintiff's testimony was properly one for the jury.

2. NEW TRIAL—CUMULATIVE EVIDENCE—NEWLY DISCOVERED EVIDENCE.

   A motion for a new trial on the ground of newly discovered evidence was properly denied where the evidence was merely cumulative, was upon a question not seriously disputed and not of very great force in the case, and, if admitted, there was no reason to expect a different verdict.

3. TRIAL—INSTRUCTIONS—DIRECTED VERDICT.

   Where the evidence as to defendants' negligence and plaintiff's contributory negligence was sufficient to present a question of fact for the jury, requests to charge, which, if given, would have amounted to the direction of a verdict for defendant, were properly refused.

4. SAME—EVIDENCE—INSTRUCTIONS.

   A request to charge that the jury were not to take into consideration the financial condition of the plaintiff or the defendants was properly refused, in the absence of any evidence upon the question.

5. EVIDENCE—MORTALITY TABLES—PERMANENT INJURIES—DAMAGES.

   Mortality tables were admissible in evidence, in a personal injury case, where plaintiff was permanently injured by the loss of two fingers, impairing his earning capacity.

6. APPEAL AND ERROR—REVIEW.

   Assignments of error not argued in the Supreme Court will not be considered.

7. EVIDENCE—CITY DIRECTORY.

   City directories were not competent to prove who constituted defendant copartnership at the time plaintiff received his injury, several years before the trial.

8. NEGLIGENCE—EVIDENCE—PARTIES—TRIAL—DIRECTED VERDICT.

   Where there was no competent evidence tending to show

that, at the time plaintiff received his injury, one of the defendants was a member of the copartnership, but, on the contrary, the evidence is most convincing that he did not acquire his interest therein until more than a year thereafter, the trial court should have directed a verdict in his favor.

Error to Wayne; Lamb, J., presiding. Submitted October 22, 1917. (Docket No. 26.) Decided March 27, 1918.

Case by Christ Bilakos against William Kelley and others, copartners as the Olympia Baking Company and Kelley Bros., for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed as to William Kelley and affirmed as to other defendants.

*C. Walter Healy*, for appellants.

*Scott & Stafford* (*John H. Engel*, of counsel), for appellee.

Plaintiff filed his declaration in a plea of trespass on the case against:

"Socrates Kelley, William Kelley and D. Caramanos, copartners doing business as the Olympia Baking Company and as Kelley Bros."

From the facts set out in the declaration, proof of which was tendered by plaintiff at the trial, it appears that plaintiff was, on the 3d day of May, 1913, an expert electrician. A day or two prior to said 3d day of May, defendant Socrates Kelley brought plaintiff into the room occupied by the Olympia Baking Company in which was located a bread mixing machine, which was in need of repair. Plaintiff was interrogated as to his ability to repair it and announced that he could make the necessary repairs when the machine was not in use. He was thereupon advised that the machine would not be in use the

following Saturday afternoon which was the 3d day of May. Plaintiff's testimony tends to indicate that he reached the premises in which the machine in question was located about one o'clock on the afternoon of said day; that the machine was not in operation and that he commenced his work; that the difficulty appeared to be that the gearing, by means of which the machine was operated, had slipped out of place so that the cog wheels did not properly mesh. While at work a man in working clothes, described by plaintiff as an employee of Kelley Bros., came to him and asked if he might operate the machine for the purpose of getting some material out of the mixer. Plaintiff advised this man that in a few minutes he could operate the machine for the purpose named. Soon thereafter this person started the machine by closing an electric switch located upon the wall near the machine and proceeded to remove the contents of the mixer; plaintiff in the meantime sitting on some flour bags in front of the machine. As soon as the contents of the machine had been removed it was stopped by a release of the switch and plaintiff resumed his work upon the gears. It is his claim that when he was so occupied, and with one of his hands holding the gears in place, the machine was suddenly started without warning by the man who had a short time before been operating it. As a result of the alleged unwarranted and tortious act of defendants' servant, the first and second fingers of plaintiff's hand were mutilated and later amputated by the surgeon. The wound became infected and plaintiff was obliged to and did lose considerable time, and introduced testimony tending to prove that his earning capacity, by reason of the loss of his fingers, has been reduced. Upon the merits of the case defendants produced three eyewitnesses who gave testimony tending to show that plaintiff worked upon the machine while it was in

motion and that immediately after the accident he asserted that it was his own fault.

As bearing upon the right of plaintiff to recover against the defendant William Kelley, evidence was introduced tending to show that while William Kelley was the partner of Socrates Kelley in the firm known as "Kelley Bros.," and while at the time of trial he was likewise a partner with his brother in the "Olympia Baking Co.," he acquired his interest in the latter copartnership at a date later than the 3d day of May, 1913. Upon direct examination he testified:

"I got my knowledge of the existence of the Olympia Baking Co. in 1913 through the contract on file, through knowing the partners and from the city directory."

Upon cross-examination he was asked:

"Q. I believe you said you got your information from the city directory?

"A. I have from the same people and from the city directory and from the books there, because I was the bookkeeper and I said what they did—who was the partners."

Thereupon the plaintiff offered the city directories for 1911, 1912 and 1913. The entries therein in the issues of 1912 and 1913 being as follows:

"Olympia Baking Company, Kelley Brothers proprietors, wholesale bakers and grocers, 149-151 Monroe avenue."

These exhibits were received over the objection of defendants, and exception followed. At the close of the evidence a motion was made on behalf of defendants for a directed verdict:

*First.* On the ground that no negligence on the part of either defendant had been shown.

*Second.* For a directed verdict in behalf of the defendant William Kelley, upon the ground that there was no testimony that William Kelley was a partner

in the Olympia Baking Company at the time of the alleged injury.

*Third.* Upon the ground that plaintiff had not shown himself free from contributory negligence.

These requests were denied and the court submitted the case to the jury.

*First.* Upon the question as to whether there was evidence of negligence on the part of the defendants or their agents.

*Second.* Whether such negligence was the proximate cause of the plaintiff's injury, and·

*Third.* Whether plaintiff himself was free from contributory negligence.

A verdict was rendered in favor of the plaintiff for $1,200. Thereupon defendants made a motion for a new trial upon various grounds, among them that of newly discovered evidence. This motion was denied and the case is now in this court for review.

BROOKE, J. (*after stating the facts*). The assignments of error are ten in number.

1. The first is based upon alleged error of the court in denying defendants' motion for a directed verdict. We are of opinion that this motion was properly denied and that the issue raised by plaintiff's testimony upon the controlling facts was properly one for the determination of the jury.

2. Error is assigned upon the denial of the motion for a new trial. With reference to this the court said:

"The proposed newly discovered evidence is simply and solely cumulative and is upon a question that is not seriously disputed and· is not of any great force in the case. With the testimony in, there is not any reason why the verdict should be any different."

With this conclusion we agree.

3, 4, 5. These assignments are based upon the refusal of the court to give the first, second and third

requests to charge preferred by the defendants. Each request if given would have amounted to the direction of a verdict for defendant and as we have seen they were all properly refused.

6. Error is assigned upon the court's refusal to give defendants' eighth request:

"I further charge you that you are (not) to take into consideration the financial condition of the plaintiff, or the financial condition of the defendants, William Kelley and Socrates Kelley, during your deliberations or in arriving at your verdict."

This request was properly refused for the reason, *inter alia,* that the record is absolutely barren of any evidence upon the question.

7. Error is assigned with reference to the charge of the court upon the weight to be given to the mortality table which had been introduced by plaintiff. Upon this point it is urged that the mortality tables were inadmissible in the case for any purpose. There can be no question that the loss of two fingers amounts to a permanent injury; in some measure, at least, impairing plaintiff's earning capacity. In such cases the tables are admissible. *Mott* v. *Railway Co.,* 120 Mich. 127; *Sax* v. *Railway Co.,* 125 Mich. 252; *Foster* v. *Village of Bellaire,* 127 Mich. 13.

8, 9. These assignments of error are based upon alleged improper admission of testimony. They are not argued and will therefore receive no consideration.

10. The admission of exhibits 5, 6 and 7, the Detroit city directories for 1911, 1912, and 1913, is assigned as reversible error. We are of the opinion that these directories were not competent to prove who constituted the copartnership known as the Olympia Baking Company, in May, 1913, when plaintiff received his injury. *Tichenor* v. *Newman,* 186 Ill. 264; *Whiton* v. *Insurance Co.,* 109 Mass. 24; *Spalding* v. *Hodges,* 2 Pa. St. 240. We have examined this record with

care and can find no testimony (if said exhibits are excepted) tending to show that William Kelley was interested in the copartnership owning and operating the Olympia Baking Company at the time of the accident. On the contrary, the evidence of both defendants, Socrates Kelley and William Kelley, as well as the bill of sale introduced in evidence, proves most convincingly that William Kelley did not acquire his interest in the partnership, Olympia Baking Company, until October 31, 1914. Under these circumstances, the learned trial judge should have directed a verdict. in favor of defendant William Kelley, as he was requested to do at the close of the testimony.

The judgment is reversed as to defendant William Kelley, who will recover his costs against plaintiff, and affirmed as to the other defendants, against whom plaintiff will recover costs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.