KIMBER *v.* EDING.

1. Motor Vehicles—Assignment of Certificate of Title—"Owner"—Statutes.

Title to motor vehicle passes from seller to purchaser when former delivers to latter assignment of certificate of title, and not before, and therefore purchaser who has not received assignment of certificate of title is not "owner," although he may be in possession of car (1 Comp. Laws 1929, § 4660).

2. Same—Right of Action Against "Owner"—Statutes.

1 Comp. Laws 1929, § 4648, conferring right of action against "owner" of motor vehicle, is not in conflict with section 4660, which prescribes how and when purchaser becomes "owner."

3. Same—Negligence—Liability of Purchaser—Statutes.

Dealer who took in second-hand automobile as part of purchase price of new one, but who had not received assignment of certificate of title at time it was involved in accident while being driven by employee, was not "owner," and therefore was not liable under statute for driver's negligence (1 Comp. Laws 1929, §§ 4648, 4660).

4. Same—Trial—Negligence—Directed Verdict.

Court's holding that there was insufficient evidence to take to jury issue as to whether automobile dealer was negligent in allowing his employee to drive automobile, knowing that he was reckless driver, *held*, correct.

5. Appeal and Error—Assignments of Error.

Complaint that plaintiff was not permitted to make certain proof is not reviewable, where error is not assigned thereon, and record does not show offer of said proof.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 11, 1933. (Docket No. 112, Calendar No. 36,847.) Decided April 4, 1933.

Case by Dorothy Kimber, by next friend, against Jacob Eding and Harry Brower for personal injuries inflicted by automobile driven by Brower and alleged to be owned by Eding. Verdict for plaintiff against both defendants. Judgment for plain-

tiff against Brower, for defendant Eding *non ob-stante veredicto*. Plaintiff appeals. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant Eding.

FEAD, J. Plaintiff had verdict against both de-fendants for injuries caused by negligent operation of an automobile by Brower. On motion, judgment *non obstante* was entered for Eding.

Eding conducts a Ford sales agency at Hamilton. Harry Vredeveld, a mail carrier, had an agreement with Eding by which, upon payment of $100 and purchasing a tire, he traded his car for a new one about every six months. December 4th, Vredeveld took his car to Eding's garage, left it, and received a new car in exchange. Eding was not present when he came in. Someone about the garage pro-cured the license plates for the new car at Allegan. Vredeveld said Eding came in and gave him the plates. Vredeveld did not pay the $100 until some days later, and did not assign the certificate of title to his old car to Eding until December 16th. The evening of the 4th, Brower took the car and injured plaintiff. He was not upon any business of Eding at the time. Plaintiff's parents testified that Eding said he owned the car and had permitted Brower to take it.

The question is whether Eding was "owner" of the car driven by Brower before he received assign-ment of the certificate of title (1 Comp. Laws 1929, § 4660 [Act No. 46, Pub. Acts 1921], as amended, Act No. 65, Pub. Acts 1931), and therefore is liable for Brower's negligence under 1 Comp. Laws 1929, § 4648 (Act No. 302, Pub. Acts 1915, as amended).

Under section 3 of the 1921 act (1 Comp. Laws 1929, § 4660), this court consistently has held, in cases involving actions for negligent injuries as well as controversies between the immediate parties to a sale, that title to a motor vehicle passes from seller to purchaser when the former delivers to the latter assignment of certificate of title, and not before. *Endres* v. *Mara-Rickenbacker,* 243 Mich. 5; *Ittleson* v. *Hagan,* 245 Mich. 56; *Bos* v. *Holleman De Weerd Auto Co.,* 246 Mich. 578; *Kelly* v. *Lofts,* 253 Mich. 552; *Scarborough* v. *Detroit Operating Co.,* 256 Mich. 173; *Kruse* v. *Carey,* 259 Mich. 157; *Schomberg* v. *Bayly,* 259 Mich. 135.

Plaintiff contends these cases are not applicable, because their effect would be that the failure to observe section 4660 in making the sale would deprive plaintiff of rights of action against Eding, reserved or granted by section 4648.

Section 4648 provides: "Nothing herein contained shall be construed to abridge the right" of action for damages resulting from violation of the act. It does not restrict other legislation. It reserves to an injured person his common-law remedies for negligence. It grants a new right of action against the "owner" of a motor vehicle driven with his consent, regardless of such common-law elements as personal negligence or the relation of master and servant. The act does not set up the conditions of vesting of title on sale. Transfer of ownership from seller to purchaser was governed by the general law of sales.

Section 3 of the 1921 act (1 Comp. Laws 1929, § 4660) changes the law of sales as applied to motor vehicles. It has no effect upon the common-law or statutory rights of action reserved or granted by section 4648, except as it declares the conditions of ownership and transfer of title on sale. Conse-

quently, there is no conflict between section 4648 and section 4660 and the decisions thereunder. Section 4648 confers a remedy against the "owner" without prescribing when a purchaser becomes the "owner" on sale. Section 4660 supplements section 4648 in this respect by providing how and when a purchaser becomes "owner."

Both acts provide that the term "owner" shall include any person renting or having exclusive use of a motor vehicle for more than 30 days. Plaintiff contends the transaction may be viewed as a conditional sale with exclusive right of use of the car in Eding, and, therefore, within the definition of "owner" in both acts. If it may be so viewed, the conditional sale was void, and no title passed to Eding before transfer of certificate. *Scarborough* v. *Detroit Operating Co., supra.*

In harmony with the cases cited above, we hold that Eding was not the owner of the car at the time of the injury to plaintiff, and, therefore, was not subject to the statutory liability.

At the trial, plaintiff was permitted to amend her declaration to charge Eding with negligence in allowing Brower to use the car, knowing he was a reckless driver. The court held there was not sufficient evidence to submit the issue to the jury. The court was right. Plaintiff now complains that she was not permitted to make the proof. The complaint is not included in the assignment of errors, and we find in the record no offer of proof of such liability other than demand for right to engage upon a line of examination of witness in the hope of discovering evidence. For both reasons, the complaint must be held ineffective.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.