### TANIS v. EDING.

1. AUTOMOBILES—COMMON LAW—DEALERS—PRINCIPAL AND AGENT— MASTER AND SERVANT—NEGLIGENCE.

   Although dealer to whom used car, but not certificate of title therefor, was delivered may have had implied consent of statutory owner to use such car in the usual manner of dealers handling automobiles taken in trade, *i. e.*, drive it incidental to reconditioning for resale and testing its mechanical condition or demonstrate it to prospective buyers, in doing so he is not the agent or servant of the statutory owner so as to render him liable at common law for the negligent operation by the dealer or his employees (1 Comp. Laws 1929, § 4648).

2. SAME—CERTIFICATE OF TITLE—USED CARS—DEALERS—PERSONAL USE—NEGLIGENCE.

   Holder of certificate of title of used car which had been delivered to dealer *held*, not liable either at common law or under statute for plaintiff's injuries resulting from negligent operation of such car by dealer's employee while using it for personal use before delivery of certificate of title by owner, since such use was without his express or implied knowledge or consent (1 Comp. Laws 1929, § 4648).

3. SAME — DEALER'S KNOWLEDGE OF EMPLOYEE'S RECKLESSNESS — QUESTION FOR JURY.

Motions for directed verdict and judgment *non obstante veredicto* on behalf of dealer to whom used car, but not certificate of title therefor, had been delivered *held*, properly denied, since, although he was not statutory owner, he was in complete control of the car and there is testimony showing he knew, at time he permitted employee to take it for personal use which resulted in plaintiff's injury, that the employee was a reckless driver; whether or not the employer had such knowledge being a question for the jury (1 Comp. Laws 1929, § 4648).

4. TRIAL—IRRELEVANT TESTIMONY—PREJUDICIAL TESTIMONY.

Taking irrelevant testimony in the absence of objection thereto cannot be made a justification for the subsequent receipt of prejudicial testimony.

5. APPEAL AND ERROR—UNPAID JUDGMENT—PREJUDICIAL ERROR.

In girl's action for personal injuries caused by negligent operation of·used car by dealer's employee, after defendant's cross-examination had disclosed irrelevant fact that both dealer and another employee had shown some solicitude for plaintiff's companion who was injured in same accident, introduction of testimony that companion's judgment had not been paid *held*, prejudicial error, where as to dealer, judgment had been entered *non obstante veredicto* and had been affirmed on appeal, and such error was not cured by ruling to disregard it.

6. SAME—INSURANCE—EVIDENCE—TRIAL OF PERSONAL INJURY CASE.

Whether or not introduction of testimony by plaintiff that automobile inflicting injuries was insured was reversible error is not decided on this appeal where case is reversed on other grounds and a recurrence is not likely at a subsequent trial.

7. SAME—ORDER OF PROOF—DISCRETION OF COURT.

Admission of evidence that employee driving car which injured plaintiff had been involved in other accidents resulting in injuries to others before proof that same had been brought to knowledge of employer *held*, not reversible error since order of proof is within discretion of trial court.

8. AUTOMOBILES — INCOMPETENT DRIVER — EVIDENCE OF ˙DEALER'S KNOWLEDGE.

Since theory of plaintiff's case as to liability of dealer who let his ˙employee use car was that dealer knew latter operated automobiles recklessly, evidence that employee had been involved in

other accidents in which injuries were caused by his negligence and that dealer had knowledge of such accidents *held*, competent as tending to establish that dealer let an incompetent driver operate the car.

9. Appeal and Error—Map—Evidence.

On pedestrian's action for personal injuries against motorist, receipt in evidence of map offered by plaintiff which was not accurate in some rather unimportant and possibly immaterial details, *held*, not error where it was repeatedly referred to without objection and only claim made for it was that it presented a general idea of location where accident occurred.

10. Same — Questions Reviewable — Instructions — Requests to Charge.

Assignments of error based upon court's charge to jury and refusal to give defendants' requests to charge are not reviewed where many requests were covered by charge as given, charge fairly submitted case to jury, case is reversed without new trial as to one defendant and new trial as to remaining two will occur under such changed circumstances as to presumably require a substantially different charge.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 25, 1935. (Docket No. 56, Calendar No. 38,519.) Decided January 6, 1936. Rehearing denied March 3, 1936.

Case by Sophie Tanis, by her next friend, Gertrude Tanis, against Jacob Eding, Harry Brower, Harry H. Vredeveld and Harvey Zeerip for personal injuries inflicted when struck by an automobile driven by defendant Brower. Case dismissed against defendant Zeerip. Verdict and judgment for plaintiff. Defendants appeal. Reversed and judgment ordered entered for defendant Vredeveld and new trial granted as to defendants Eding and Brower.

*Carl E. Hoffman, Leo W. Hoffman* and *Clare E. Hoffman*, for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant. Vredeveld.

*Diekema, Cross & Ten Cate,* for defendants Eding and Brower.

NORTH, C. J. This suit is to recover damages for personal injuries sustained by plaintiff who was struck by an automobile on a public highway in Hamilton, Allegan county, Michigan. The accident happened December 4, 1931, about 10 p. m. In the afternoon of that day defendant Harry Vredeveld left his Ford automobile at the garage of defendant Jacob Eding in Hamilton. He had exchanged it in part payment for a new Ford which was delivered to him that same afternoon. The assigned certificate of title of the used car was not delivered to defendant Eding until 12 days later. On the evening of December 4th, defendant Harry Brower, an employee of Eding, took the used car from the garage and while using it for his own personal convenience struck and injured plaintiff and another girl, Dorothy Kimber, who were walking in the highway. Brower was driving in a southerly direction and the two girls were walking in a northerly direction. The traveled portion of the highway was covered with gravel to a width of about 28 feet. Plaintiff claims that she and her companion were walking along the edge of the grass and at the westerly side of the graveled portion of the highway; but defendants claim plaintiff and her companion were proceeding northerly on that portion of the graveled highway that was used by south-bound motor vehicles. A suit, brought by plaintiff's companion and arising out of this same accident, is reviewed and reported in *Kimber* v. *Eding,* 262 Mich. 670; and the instant case has also been before this court on a former

occasion. *Tanis* v. *Eding*, 265 Mich. 94. Other details of the accident appear in the cited cases. In the instant case plaintiff had judgment against each of the three defendants, and they have appealed.

Should defendant Vredeveld's motion for judgment *non obstante veredicto* have been granted? At the close of the proofs he moved for a directed verdict. Decision was reserved, and his motion *non obstante veredicto* was subsequently denied. In behalf of this defendant it was urged that he was entitled to a directed verdict because the automobile with which plaintiff was injured was then being operated without the knowledge or consent, either express or implied, of Vredeveld, the title owner. The used automobile was delivered to Eding by Vredeveld several hours prior to the accident. Eding took full possession and complete control of the machine. As between Vredeveld and Eding the latter became the owner of the used Ford when it was delivered at his garage. It may be said that as between these two men there was at least an implied consent or understanding that Eding might use the automobile in the usual manner of dealers in handling automobiles taken in trade; and that incident to reconditioning it Eding or his employees might drive it for the purpose of testing its mechanical condition or they might use the automobile in demonstrating it to prospective buyers. But in so doing Eding would not be acting as an agent or employee of Vredeveld. The relation of master and servant or principal and agent would not exist. Clearly at common law Vredeveld could not be held liable for the negligent operation of the used car by Eding or by Eding's employee. The common-law liability of an automobile owner for its negligent use has been broadened by statute.

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge." 1 Comp. Laws 1929, § 4648.

The very wording of the statute saves an owner from liability for the negligent use of his automobile "unless said motor vehicle is being driven with his or her express or implied consent or knowledge." In the instant case a third party, defendant Brower, was driving the used car in the nighttime for his own pleasure and convenience. Vredeveld neither expressly nor impliedly consented to such use by Brower, who, in a legal sense, was an entire stranger to Vredeveld. Vredeveld was in no way concerned with or interested in the use Brower was making of the automobile at the time of the accident. In fact, Vredeveld did not even have the power to prevent Brower from driving the car because Brower's employer, defendant Eding, had complete control of the automobile. The use of the automobile by Brower for his personal convenience and pleasure being without Vredeveld's consent, the latter was not liable, either under common law or the statute, for injuries resulting from Brower's negligent operation of the automobile. There is no testimony in this record to sustain the jury's special finding that defendant Brower at the time of the accident was driving the automobile with either the express or implied consent of Vredeveld. The motion of defendant Vredeveld for judgment *non obstante veredicto* should have been granted.

Should the motion of defendant Jacob Eding for a directed verdict in his behalf have been granted? Defendant Eding, both by motion for a directed verdict at the conclusion of the proofs and by a subsequent motion for judgment *non obstante veredicto* sought to be relieved of liability to plaintiff for injuries sustained. Right of recovery against Eding is asserted on the theory that he, having control of the automobile by which plaintiff was struck and knowing that defendant Brower was an incompetent, careless and reckless driver, negligently permitted Brower to operate the automobile and plaintiff's injuries resulted. ˙Defendant Eding's motion for a directed verdict and his motion for judgment *non obstante veredicto* were made on the following grounds: (1) that defendant Eding was not at the time of the accident the owner of the automobile, (2) that there was no proof that defendant Brower was an incompetent, careless or reckless driver, and (3) that there was no proof that defendant Eding knew that Brower was an incompetent, careless or reckless driver. The first reason assigned is not tenable because it is not controlling. Notwithstanding defendant Eding was not the owner of the car, plaintiff, under her pleadings, might still maintain this cause of action against him. See our former decision in the instant case in *Tanis* v. *Eding*, 265 Mich. 94. The second and third reasons assigned in support of the motion involve determination of issues of fact as to which there was conflicting testimony. There were two witnesses who testified that subsequent to the accident Eding admitted that he permitted his employee Brower to drive this auto, and also that Brower was a reckless fellow or driver, and there was other testimony from which it might be reasonably inferred that Eding had knowledge of such fact at the time he permitted Brower to drive

the automobile by which plaintiff was struck. The trial court properly denied Eding's motion for a directed verdict and his subsequent motion for judgment *non obstante veredicto*.

Appellants assert that the trial court erred in not ordering a mistrial when the plaintiff introduced evidence that a judgment rendered in a case involving this same accident had not been paid. Charles Kimber was a witness for plaintiff. He was the father of Dorothy Kimber. She was the other girl who was injured in this same accident. She had obtained a verdict in the circuit court of Allegan county against defendants Eding and Brower. However, as to Eding judgment had been entered *non obstante veredicto* and had already been affirmed by this court. *Kimber* v. *Eding*, 262 Mich. 670. Cross-examination by defendants' counsel disclosed the fact that Eding and his step-son, Harvey Zeerip, had called on the Kimber girl after she was injured and, apparently, had disclosed some interest in her misfortune. Zeerip originally was a party defendant in the instant case; but as to him the case was dismissed at the close of plaintiff's proofs. On redirect-examination of this witness by plaintiff's counsel, the following occurred:

"*Q.* Mr. Ten Cate asked about these gentlemen being interested in your daughter's case.

"*A.* Yes. * * *

"*Q.* None of them have ever paid her anything for that?

"*A.* No.

"*Q.* All she got is a judgment.

"*A.* That is all she got.

"*Mr. Cross:* I move that be stricken as prejudicial.

"*The Court:* It may be stricken.

"*Mr. Cross:* I think the court should declare a mistrial, it being deliberately brought in, in that way. It has no business here at all.

"*The Court:*  It is stricken, and the jury understand that what is stricken out, you are not to pay any attention to."

Notwithstanding the claim of appellee's counsel that there was some provocation for the type of cross-examination disclosed by the above quoted record we think, as is contended by appellants, that the testimony was highly prejudicial and that the prejudicial effect was not and could not be corrected by the subsequent ruling of the trial court. What happened was the equivalent of plaintiff's counsel conveying to the jury in this case the information that in another suit arising out of the same accident the plaintiff had obtained a judgment against Mr. Eding, as well as against Mr. Zeerip who was the manager of Mr. Eding's garage. The prejudicial effect of this testimony was increased by its also appearing from the cross-examination by plaintiff's counsel that Eding had not paid this judgment. Under any circumstances this was inexcusable; but all the more so because his judgment *non obstante veredicto* previously had been affirmed upon appeal to this court. As a justification or explanation of the cross-examination of this witness, plaintiff's counsel in their brief say:

"This testimony was just as material (perhaps no more) than that brought out by defendants' counsel for the purpose of impressing the jury with their solicitude for the injury received by the Kimber girl."

Conceding that the testimony disclosing an apparent solicitude or a kindly attitude on the part of Eding and Zeerip towards the Kimber girl following her injury was immaterial or irrelevant, it was not a justification for the above-quoted redirect-

examination. And it is fair to assume that timely objection by plaintiff's counsel would have kept the record free of testimony of solicitude or friendly feeling subsequent to the accident, but no objection was offered. In any event taking irrelevant testimony, in the absence of objection thereto, cannot be made a justification for the subsequent receipt of prejudicial testimony. Under the facts in this case the quoted redirect-examination must be held to be reversible error. The damage was done as soon as the testimony was taken. The error was not cured by the subsequent ruling of the trial court.

Appellants also assert error on the ground that testimony offered by plaintiff disclosed to the jury that the automobile with which plaintiff was injured was insured. Because this case must be reversed for other reasons, we deem it unnecessary to determine whether under the circumstances which this testimony was given it constituted reversible error. The answers by the witness referring to the insurance were not responsive to the questions propounded; but the testimony appears in this record in a manner strikingly similar to that in which testimony of like purport was elicited in the suit brought by the Kimber girl. It hardly seems possible that there should be a recurrence at a subsequent trial of this case. On this appeal we are disposed to accept the determination of the trial judge relative to his denial of defendants' motions for a new trial. He stated:

"The bringing in of 'insurance' was not clearly 'intentional.' The questions asked were not such as to indicate any such intention. The testimony was stricken, and the defendant to whom the insurance statement was attributed (Zeerip), was discharged by the court as a defendant."

Because the case will be retried, we note that appellants also claim reversible error occurred in consequence of testimony offered and received in behalf of plaintiff of other automobile accidents involving defendant Brower, and injuries resulting to others in those accidents before there was proof that the same had been brought to the knowledge of defendant Eding. We think that the order of proof was within the discretion of the court and is not a ground for reversal. Insofar as defendant Brower had been involved in other automobile accidents which the testimony disclosed were caused by his negligence, of which facts defendant Eding had knowledge prior to the date of this accident, testimony relative thereto was admissible under plaintiff's theory of Eding's liability in the instant case. It was competent as tending to establish plaintiff's claim that Brower was a reckless, incompetent driver and defendant Eding had knowledge of such fact at the time he permitted Brower to use the automobile with which plaintiff was injured.

The receipt in evidence of a map offered by plaintiff, which map was not accurate in some rather unimportant and possibly immaterial details, did not constitute error. Witnesses in testifying had repeatedly referred to this map without objection from defendants' counsel. Mr. Zeerip testified: "It (the map) gives a very good general idea except as to paths." The only claim made for the map was that it presented a general idea of the location where the accident occurred. Receiving it in evidence for that purpose was proper, at least not prejudicial.

Various assignments of error are based upon the trial court's refusal to charge the jury as requested by defendants. Many of the requests were covered

by the charge as given, and in general the court's charge fairly submitted the case to the jury. Detailed review is unnecessary because retrial of the case will occur under such changed circumstances in view of the release of defendant Vredeveld that it is to be presumed the charge to the jury upon retrial will differ substantially from that of the former trial.

The case is remanded to the circuit court for entry of judgment in favor of defendant Vredeveld, with costs of both courts. As to defendants Eding and Brower judgment is reversed with a new trial and costs of this court.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.