## TANIS v. EDING.

1. Automobiles—Dealers—Titles—Negligence of Employees.

To hold dealer liable for negligent operation of used car to which he had not acquired certificate of title before loaning to his employee, injured plaintiff had to prove car was loaned knowingly to an incompetent, careless or reckless driver.

2. Appeal and Error—Law of Case.

Law as expressed in opinion on former appeal is law of case on second appeal where testimony involved is substantially the same.

3. Automobiles — Questions for Jury — Knowledge of Dealer that Employee was a Reckless Driver.

In action against dealer to whom used car but not certificate of title therefor had been delivered, questions as to whether employee to whom car was loaned was an incompetent, careless or reckless driver and as to whether employer knew he was such a driver *held*, for jury.

4. APPEAL AND ERROR—EXCLUSION OF TESTIMONY.

 Record examined and *held,* to contain no reversible error in rulings excluding certain testimony.

5. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.

 Refusal of trial court to give certain requests to charge *held,* not error where court clearly stated what was necessary to prove and establish and what jury must find in order for plaintiff to recover.

6. AUTOMOBILES — INSTRUCTIONS — CONSENT BY EMPLOYER TO EMPLOYEE'S USE OF CAR.

 In action involving issue of whether car was driven by employee with consent and knowledge of employer, circumstances surrounding relationship between employer and employee and admissions made by employer subsequent to accident that he permitted employee to use car involved *held,* to warrant instruction that requisite consent was such as was manifested by signs, actions or facts, or by inaction or silence so that person who took car may have reasonably believed he had right to take it and that it was all right with person who owned it (1 Comp. Laws 1929, § 4648).

7. APPEAL AND ERROR—QUESTIONS FOR JURY—INSTRUCTIONS.

 Supreme Court may not interfere with jury's conclusions as to questions of fact where such questions were submitted to it under proper charge.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 9, 1937. (Docket No. 51, Calendar No. 39,301.) Decided June 7, 1937.

Case by Sophie Tanis, by Gertrude Tanis, her next friend, against Jacob Eding and Harry Brower for personal injuries sustained when struck by an automobile driven by defendant Brower. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Clare E. Hoffman,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendants.

Potter, J.  Plaintiff recovered a judgment against defendants for damages resulting from injuries caused by being struck by an automobile driven by defendant Brower.  From such judgment, defendants appeal.

Appellants contend six questions are involved.  In order to hold defendant Eding, it was necessary that plaintiff prove the automobile in question was loaned to an incompetent, careless or reckless driver, knowing such driver was incompetent, careless or reckless and likely to cause injury to others.  Defendant Brower was employed in the garage of defendant Eding and was driving the automobile in question at the time of the injury.  The case was tried upon the theory defendant Eding permitted defendant Brower, who was an incompetent, careless and reckless driver, to drive the automobile in question at the time of the injury.  There was testimony Brower had been in other automobile accidents.  In order for defendant Eding to be held liable, it was necessary the testimony show that Brower was negligent in connection with these accidents, or some of them, and that defendant Eding knew it—that is, that the defendant Eding knew Brower was careless and negligent.  There was testimony to show Brower was not negligent in connection with any one of the four accidents in which he had been involved, and that Eding had no knowledge of his incompetence as an operator of an automobile.  If this were all the testimony in the case, defendant Eding could not be held liable.  But this case has been once before this court (*Tanis* v. *Eding,* 274 Mich. 288), and other phases of it were before the court in *Tanis* v. *Eding,* 265 Mich. 94, and *Kimber* v. *Eding,* 262 Mich. 670.  When it was last before the court, it was said, p. 294:

"Right of recovery against Eding is asserted on the theory that he, having control of the automobile by which plaintiff was struck and knowing that defendant Brower was an incompetent, careless and reckless driver, negligently permitted Brower to operate the automobile and plaintiff's injuries resulted. Defendant Eding's motion for a directed verdict and his motion for judgment *non obstante veredicto* were made on the following grounds: (1) that defendant Eding was not at the time of the accident the owner of the automobile, (2) that there was no proof that defendant Brower was an incompetent, careless or reckless driver, and (3) that there was no proof that defendant Eding knew that Brower was an incompetent, careless or reckless driver. The first reason assigned is not tenable because it is not controlling. Notwithstanding defendant Eding was not the owner of the car, plaintiff, under her pleadings, might still maintain this cause of action against him. See our former decision in the instant case in *Tanis* v. *Eding,* 265 Mich. 94. The second and third reasons assigned in support of the motion involve determination of issues of fact as to which there was conflicting testimony. There were two witnesses who testified that subsequent to the accident Eding admitted that he permitted his employee Brower to drive this auto, and also that Brower was a reckless fellow or driver, and there was other testimony from which it might be reasonably inferred that Eding had knowledge of such fact at the time he permitted Brower to drive the automobile by which plaintiff was struck. The trial court properly denied Eding's motion for a directed verdict and his subsequent motion for judgment *non obstante veredicto.*"

The testimony involved here is substantially the same as that involved in the record in *Tanis* v. *Eding,* 274 Mich. 288. The opinion in that case made

the law of this case. We think there was no error in submitting the question of Eding's liability to the jury.

Defendants assign error upon the rulings of the trial court excluding certain testimony. We have examined the testimony offered in the record in connection therewith. We find no reversible error in the trial court's exclusion of the testimony.

Error is assigned upon the court's refusal to give certain of defendants' requests to charge. The trial court clearly stated what was necessary to prove and establish and what the jury must find in order for plaintiff to recover. There was no error in refusing to give the request to charge complained of. The court substantially covered all the material elements in the case in his charge to the jury.

It is said the court erred in charging the jury that if Mr. Brower believed he had a right to take the automobile, that his belief would show that Mr. Eding consented to Mr. Brower driving the automobile. The difficulty with this assignment of error is that it is not based upon the charge of the court. The trial court charged that in determining whether or not the automobile was driven with the consent and knowledge of the defendant Eding,

"You are at liberty to take into consideration all of the sworn testimony in the case and all of the inferences which may logically be drawn from such testimony. Your verdict is to be based not necessarily upon the number of witnesses who testified, but upon that testimony which convinces you of its reasonableness and its truthfulness. You, as jurors, are not required to believe anything you would not believe as men, and you have the right and it is your duty to use your common sense and judgment in weighing the testimony and determining the truth

thereof. * * * And if you also believe, by a preponderance of the evidence in addition to the foregoing, that on the occasion when the accident occurred the automobile was being driven by Brower and that Brower was a negligent and careless driver, and that Eding knew that, and by consent, either express or implied, permitted him to drive the car, then your verdict should also be against Eding.

"If you find from the evidence that at the time Brower took this car from the garage, Eding had by his act or conduct given his consent to the operation of this automobile by Brower, if he knew or had good reason to know Brower was a careless or reckless driver, then your verdict, if you find under the instruction I have given you, against Brower, should also be against Eding.

"Ordinarily, consent means the agreement, concurrence of the minds or wills. The acts are the result of coming into harmony or accord. A complete consent means that consent which is manifested by signs and actions or facts, or by inaction or silence, which raises a presumption that the consent has been given. It means such consent as is manifested by signs, actions or facts, or by inaction or silence, so that the person that takes a car may reasonably believe he has a right to take it and that it was all right with the person who owned it."

While the belief of Brower does not show consent on the part of Eding, the action or inaction and the circumstances surrounding the relationship between Brower and Eding and the admissions of Eding that he permitted his employee, Brower, to drive this automobile were sufficient to warrant the charge of the trial court. We find no reversible error in the charge, nor any prejudicial conduct upon the part of counsel for plaintiff.

As pointed out in *Tanis* v. *Eding,* 274 Mich. 288, the important issues in this case were questions of

fact. They were submitted to a jury under a proper charge and we may not interfere with the conclusions arrived at by the jury as triers of the facts.

Judgment affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.