### GLEASON *v.* HANAFIN.

1. AUTOMOBILES—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY.

   In action by passenger of southbound car in west lane of three-lane highway for injuries sustained when defendants' northbound car collided with it, testimony presented question for jury as to whether defendants were negligent in the operation of their car and as to the proximate cause of the accident.

2. SAME—PROXIMATE CAUSE—NEGLIGENCE OF THIRD PARTY.

   The fact that driver of a third car ahead of and travelling in same direction as plaintiff was probably guilty of negligence in driving onto wrong side of road when defendants' car was rapidly approaching from opposite direction was not necessarily the sole proximate cause of the collision between defendants' car and the one in which plaintiff was a passenger, since there may be two contributing causes of an injury.

3. NEGLIGENCE—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE.

   Where injury results from concurrent negligence of two or more persons, each proximately contributing to the result, recovery may be had against one or more.

4. SAME—CONCURRENT NEGLIGENCE.

   Concurrent, as distinguished from joint, negligence, arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently.

5. TRIAL—JUDGMENT NON OBSTANTE VEREDICTO—QUESTION FOR JURY.

   It was error for the court to enter judgment *non obstante veredicto* where evidence presented an issue of fact for the jury's consideration as to negligence of defendants and as to the proximate cause of the injury.

6. SAME—SPECIAL QUESTIONS—SPEED.

   Jury's negative answer to special question of whether the excessive speed of defendants' car directly contributed to cause

Where concurrent negligence of each of two or more persons is sufficient of itself to cause the injuries complained of, recovery may be had against one or more, see 2 Restatement, Torts, § 432.

plaintiff's injuries in any other way than merely bringing their car up to the point on the highway where the accident happened at the time it happened *held*, not inconsistent with general verdict for plaintiff or with answers to other special questions put to jury.

7. SAME—VOIR DIRE EXAMINATION—INSURANCE—PERSONAL INJURY CASE.

Incident on *voir dire* examination whereat defendants' counsel stated to jury there was no insurance company involved in personal injury case and plaintiff's counsel conceded there was no insurance company as party defendant, followed by remark of court as requested by defendants' counsel that jury should overlook such statement, did not constitute error.

8. SAME—ARGUMENT OF COUNSEL—INSTRUCTIONS.

Alleged improper argument and misconduct of plaintiff's counsel at trial of automobile accident case did not justify granting a new trial where court promptly and properly ruled on objections made and nothing occurred during the argument which had any material bearing on the result.

9. SAME—WEATHER CONDITIONS—NEWSPAPERS—CROSS-EXAMINATION —NEW TRIAL.

Proposal by plaintiff's counsel to offer certain newspapers as evidence of weather conditions, made during cross-examination of a witness for plaintiff by defendants' counsel, did not justify granting a new trial where defendants' counsel objected and upon his request the court instructed the jury to disregard it.

10. SAME—EVIDENCE—LOSS OF TEETH.

It was not error for court to allow plaintiff to be seated before jury and caused to exhibit to them the result of injuries to her mouth, the loss of certain teeth, by removing some dentures to aid plaintiff's doctor to explain her injuries to the jury.

11. EVIDENCE—MORTALITY TABLES—PERMANENT INJURIES.

It was proper to receive mortality tables in evidence where plaintiff suffered loss of teeth and a permanent injury to her ankle in automobile collision.

12. DAMAGES—LOSS OF TEETH—ANKLE INJURY—PAIN AND SUFFERING.

Verdict of $12,000 in favor of plaintiff who suffered loss of teeth, a permanent injury to her ankle, and pain will not be reversed where within the range of testimony and not so large as to shock the conscience of the court.

13. APPEAL·AND ERROR—CROSS APPEAL—QUESTIONS REVIEWABLE.
    Whether or not the verdict was contrary to the great weight of
    the evidence may be raised by defendant on cross-appeal where
    plaintiff appeals from judgment *non obstante veredicto*
    (3 Comp. Laws 1929, § 14532; Court Rule No. 66, § 8 [1933,
    as amended in 1938]).

14. AUTOMOBILES—VERDICTS—EVIDENCE.
    In action for injuries sustained by plaintiff, passenger in one
    car, against defendants, driving car in opposite direction on
    three-lane pavement, testimony was sufficient to support
    verdict.

15. APPEAL AND ERROR—VERDICTS.
    The Supreme Court does not substitute its judgment for that
    of the jury on issues of fact where there is testimony to sup-
    port its verdict though it is possible, or even probable, that a
    different result would be reached if the Supreme Court were
    determining the facts.

16. SAME—VERDICTS AND FINDINGS—SPECIAL QUESTIONS.
    The findings of a jury on special questions as to facts *held*,
    controlling of plaintiff's right to recover against defendants
    in personal injury case arising from collision between defend-
    ants' car with that in which plaintiff was riding after defend-
    ants' car had met and passed a third car which had been in
    defendants' lane of traffic on three-lane highway and answers
    to special questions permitted jury to find defendants guilty
    of negligence in its general verdict.

Appeal from Saginaw; O'Neil (James E.), J.
Submitted January 6, 1944. (Docket No. 60, Cal-
endar No. 42,445.) Decided February 24, 1944. Re-
hearing denied April 7, 1944.

Case by Marie Gleason against John Hanafin and
Marie Hanafin for personal injuries sustained in
an automobile accident. Verdict for plaintiff.
Judgment for defendant *non obstante veredicto.*
Plaintiff appeals. Reversed and remanded for en-
try of judgment.

*Monaghan, Clark, Kellogg & McGuirk, Henry E.
Naegely, Jr.,* and *Crane & Crane,* for plaintiff.

*Heilman & Purcell (Arthur J. Kinnane,* of counsel), for defendant.

BOYLES, J. This is suit for damages on account of injuries received by plaintiff in a collision between an automobile in which she was a passenger and one owned by defendant John Hanafin, driven by his wife, Marie Hanafin, with his consent. At the close of plaintiff's case and again at the close of all the proofs the defendants moved for a directed verdict, decision on which was reserved by the court, the case submitted to the jury, and plaintiff had verdict for $12,000. Defendants then moved for judgment *non obstante veredicto,* which was granted. From the judgment for defendants entered thereon, plaintiff appeals. Defendants cross-appeal on certain grounds which will be considered later in a separate division of this opinion.

In considering plaintiff's appeal from the judgment entered for defendants *non obstante veredicto,* there are two questions before us, (1) viewing the testimony in the light most favorable to plaintiff, was there an issue to be submitted to the jury as to whether defendants were guilty of negligence, and, if so, whether it was the proximate cause of the injury; and (2) did the court err in entering judgment for defendants notwithstanding the verdict because of the jury's answers to certain special questions.

The accident occurred on highway US-23 about a mile and three-quarters south of Pinconning, on June 15, 1941, at about 5 p. m. It was a clear day, the pavement was dry, US-23 at this place was a straight, level, three-lane concrete highway with adjoining shoulders of gravel from 6 to 10 feet wide, all being in a good condition. It had rained on the week end prior to the accident. At the time

of the accident the pavement was dry, but the shoulders were damp. Plaintiff, her husband, and son Jackie had gone from Detroit on a week-end fishing trip with a friend, Herman J. LeBlanc, using his automobile for the trip. On the day of the accident the party started back south from East Tawas for Detroit, with Mr. LeBlanc driving the car, and had reached a place about a mile and three-quarters south of Pinconning between 4:30 and 5 o'clock in the afternoon. Southbound traffic was heavy, using both the west and center lanes of the highway. There were few automobiles going north in the east lane. Mr. LeBlanc was driving in the west lane, proceeding south in a line of traffic at approximately 40 miles an hour. A third car, being driven in the center lane in a southerly direction, ahead of LeBlanc, was observed to pass another car likewise in the center lane proceeding south, by going out into the east lane at a distance of approximately 250 to 300 feet southerly from the LeBlanc car. At about this same time defendants' automobile was being driven northward by the defendant Marie Hanafin in the east lane of the highway at the rate of from 60 to 70 miles per hour (plaintiff's testimony). There was a conflict of testimony as to whether this third automobile, when it invaded the east lane (in which defendants' automobile was traveling), sideswiped defendants' automobile in passing, or whether this third automobile had successfully turned back into the center lane before the defendants' automobile reached it. Plaintiff claims that defendant Marie Hanafin failed to use that degree of care and caution required of a reasonably prudent person under the circumstances, drove at an excessive rate of speed, crossed the three-lane highway 150 feet to collide with plaintiff's car in its own lane of traffic. The defendants claim that the

proximate cause of the accident was the third car coming into their lane. of traffic.

. When the third automobile was driven into the east lane, defendants' automobile was approaching it in the east lane from the opposite direction at a high rate of speed. They succeeded in passing and continued on in their own general direction, the third automobile southward and defendants continued north or northwest about 150 feet before colliding with plaintiff's car in the west lane. The passing occurred about 250 feet ahead of LeBlanc's automobile as it was going south in the west lane. When LeBlanc first saw defendants' automobile it was about 150 feet ahead, partly in the east lane, with two wheels off the pavement on the shoulder, approaching at a high rate of speed. It crossed the pavement from the east lane to the west lane and struck the automobile in which plaintiff was riding while it was in its own lane of traffic. Defendant Marie Hanafin testified she did not at any time apply brakes to the car, did not remember how she crossed the center lane to collide with plaintiff's car in the west lane. There is no explanation why she could not or did not continue north in the east lane, thus avoiding the accident, except her claim that she became unconscious. There is no claim that LeBlanc could have prevented the accident. There was a conflict of testimony as to the distance traveled by defendants' automobile, as to how much time elapsed after LeBlanc saw the third car go into the east lane before defendants' car appeared partly in the east lane and partly on the shoulder, and as to whether a cloud of dust was raised obstructing defendants' view. Plaintiff's testimony as to the elapsed time would tend to establish that the third car had time to get back into the center lane before the defendants' car reached the place.

Defendants' testimony would indicate that a cloud of dust was raised in a collision between the third automobile and that of the defendants. Plaintiff's testimony was to the effect that the gravel shoulder was moist and that there was no dust. Defendants claim that the proximate cause of the accident was a collision with the third automobile coming into the east lane of traffic. Plaintiff claims that defendants' automobile was operated negligently at an excessive rate of speed, without due regard for condition of traffic, that defendants failed to use the brakes, failed to have their car under control and to use due care in its operation.

There was testimony to go to the jury as to whether defendants were guilty of negligence in the operation of their vehicle, and as to the proximate cause of the accident. *Savas* v. *Beals,* 304 Mich. 84. While the driver of the third car was probably guilty of negligence if he knowingly drove into the east lane, where he had no right to be, in front of defendants' rapidly approaching car, his negligence was not necessarily the sole proximate cause of the accident.

There may be two contributing causes of an injury. *Welch* v. *Jackson & Battle Creek Traction Co.,* 154 Mich. 399. Where injury results from concurrent negligence of two or more persons, each proximately contributing to the result, recovery may be had against one or more. *Banzhof* v. *Roche,* 228 Mich. 36. It is not essential to recovery that defendants' negligence be the sole cause of plaintiff's injury. *Camp* v. *Wilson,* 258 Mich. 38. There may be two proximate causes of an accident. *Fitzcharles* v. *Mayer,* 284 Mich. 122 (3 N. C. C. A. [N. S.] 565); *Bordner* v. *McKernan,* 294 Mich. 411; *Wallace* v. *Kramer,* 296 Mich. 680. In *Barkman* v. *Montague,* 297 Mich. 538, this court approved this rule of law as follows:

"In *Carr* v. *St. Louis Auto Supply Co.*, 293 Mo. 562, 569 (239 S. W. 827), a suit for personal injury, occasioned by an automobile accident, the court adopted the well-established rule stated in 1 Shearman & Redfield on Negligence (6th Ed.), § 122, as follows:

" 'Concurrent, as distinguished from joint negligence, arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently. That the negligence of another person than the defendant contributes, concurs or co-operates to produce the injury is of no consequence. Both are ordinarily liable. And unless the damage caused by each is clearly separable, permitting the distinct assignment of responsibility to each, each is liable for the entire damage. The degree of culpability is immaterial.' "

The court was in error in entering judgment for the defendants notwithstanding the verdict on the ground that there was no issue of fact for the jury as to defendants' negligence or as to whether it was the proximate cause of the accident. We then reach the question whether the jury's answers to special questions submitted to the jury were inconsistent with and contrary to the general verdict for plaintiff, requiring entry of judgment for defendants *non obstante veredicto*. These questions and answers were as follows:

"1. Was there a collision between the so-called 'third car' and the Hanafin car before the Hanafin car collided with the car in which plaintiff was a passenger?

"Answer, 'No.'

"2. Was the collision between the Hanafin car and the car in which plaintiff was passenger caused solely by the so-called 'third car' suddenly driving directly in front of the Hanafin car?

"Answer, 'No.'

"3. Did the so-called 'third car,' after driving into the east lane of the paved portion of the highway, then drive back into the middle or west lane and remain there until after the Hanafin car met and passed it?

"Answer, 'Yes.'

"4. Was Marie Hanafin driving her automobile at an excessive and unreasonable rate of speed at. the time she claims to have been struck by the so-called 'third car'?

"Answer, 'Yes.'

"5. If your answer to question numbered four is 'Yes,' then answer the following question:

"Did the excessive speed of the Hanafin car directly contribute to cause the plaintiff's injuries in any other way than merely bringing the Hanafin car up to the point on the highway where the accident happened at the time it happened?

"Answer, 'No.' ' "

After verdict and before judgment, defendants moved for judgment *non obstante veredicto* on the ground that the special finding in answer to the fifth question was inconsistent with the general verdict and therefore the general verdict cannot stand. The court granted the motion and the answer to question 5 is now urged as a controlling reason why the judgment notwithstanding the verdict must be affirmed. We are not impressed with this claim. As we view question 5 and the answer, it is not inconsistent with the answers to the other questions, or with the general verdict. We conclude that the court was in error in entering judgment notwithstanding the verdict and judgment must be entered on the verdict unless a new trial should be granted because of errors complained of by defendants on their cross appeal.

*Cross appeal.* The 18 grounds relied upon in this court by defendants for a new trial may be grouped as follows: (1) Injecting the insurance element into

the trial; (2) argument to the jury and misconduct of plaintiff's counsel during trial; (3) exhibiting plaintiff's injuries to the jury; (4) introduction of mortality tables; (5) great weight of the evidence.

(1) The insurance matter. The *voir dire* examination of the jurors was conducted by the judge. The jurors were questioned by the court as to whether they were members of a mutual insurance agency. By leave of the court, counsel further interrogated two of the jurors on the subject of insurance and counsel for defendants then remarked to the jury:

"You all realize there is no insurance company involved in this case?"

Counsel for plaintiff thereupon conceded that there was no insurance company as party defendant. We fail to see how this was objectionable— apparently it was a concession in defendants' favor. However, counsel for defendants asked the court to instruct the jury to "overlook that statement," and the court did so. We find no error in this incident.

(2) Misconduct of counsel and improper argument. These claims occupy the major argument in defendants' brief and are considered together. Defendants seek a new trial on the ground of misconduct of counsel for plaintiff. We quote from defendants' brief:

"Not only did plaintiff's counsel attack and cast aspersions upon defendants and their counsel during the trial of the case so as to hold them in ridicule in the eyes of the jury, but the attempt is apparently continued in this court."

We have carefully reviewed all of the instances in the record to which defendants refer as constituting improper conduct during trial or during argu-

ment.  In some of the instances complained of de-
fendants' objections were sustained, and whenever
counsel asked the court during the argument to in-
struct the jury it was done.  The record shows that
counsel for defendants repeatedly interrupted the
argument of counsel for plaintiff, and at times en-
gaged in somewhat lengthy argument with plain-
tiff's counsel.  Whenever requested, the court
promptly and properly ruled on objections and in-
structed the jury when so requested.  Nothing oc-
curred during the argument which had any material
bearing on the result.  We find nothing to justify
granting a new trial on the ground of improper
argument.

During the course of the cross-examination of
one of plaintiff's witnesses by counsel for defend-
ants, plaintiff's counsel proposed to offer certain
newspapers as evidence of weather conditions.  De-
fendants' counsel objected, and asked the court to
instruct the jury to completely disregard it.  The
court said:

"Yes, inasmuch as they haven't come into the
record the jury will disregard anything that has
been said about newspapers."

We do not agree with defendants that this inci-
dent is any ground for a new trial.

(3 and 4) Exhibiting plaintiff's injuries to the
jury and introduction of mortality tables.  In de-
fendants' brief these objections are argued together.

During plaintiff's medical testimony as to plain-
tiff's injuries, the doctor who was testifying was
asked to step down and explain plaintiff's injuries
to the jury.  Plaintiff was seated before the jury
and caused to exhibit to the jury the result of in-
juries to her mouth, the loss of certain teeth, by

removing some dentures. The court permitted the examination, ruling:

"I will overrule the objection. After all, it shows the condition of the plaintiff's mouth when the teeth were removed."

Defendants argue it was reversible error to allow plaintiff, "a very pretty woman," to thus exhibit the extent of her injuries. It was not error. *Zelhaver* v. *Koepke,* 260 Mich. 428; *Csircsu* v. *Muir,* 303 Mich. 323.

The loss of teeth was a permanent injury. There was also evidence of a permanent injury to plaintiff's ankle. Under such testimony it was proper to receive the mortality tables in evidence. *Haney* v. *Village of Pinckney,* 155 Mich. 656; *Bilakos* v. *Kelley,* 200 Mich. 125.

Defendants argue that the verdict was excessive. There was evidence of pain and suffering and permanent injuries. The verdict was within the range of the testimony and the verdict was not such as to shock the conscience of the court. Under these circumstances, we do not reverse.

(5) On cross appeal the defendants raise the question that the verdict was contrary to the great weight of the evidence. This may be done. 3 Comp. Laws 1929, § 14532 (Stat. Ann. § 27.1462); Court Rule No. 66, § 8 (1933, as amended April 20, 1938). We have reviewed the record to determine whether a new trial should be granted defendants on this ground. There was ample testimony to support the verdict. We do not substitute our judgment for that of the jury on issues of fact though it is possible, or even probable, that a different result would be reached if we were determining the facts. *Wright* v. *Dwight,* 209 Mich. 678. The findings of the jury on the special questions as to the facts are control-

ling of plaintiff's right to recover. *Tanis* v. *Eding,* 280 Mich. 440.

Reversed and remanded for entry of judgment on the verdict.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, SHARPE, and REID, JJ., concurred.