## SARAH B. KIPP v. ISAAC F. LAMOREAUX.

*Fraudulent conveyances—Sale—Change of possession—Burden of proof—Husband and wife.*

1. How. Stat. § 6190, making a sale of personal property fraudulent as to creditors where possession is retained by the vendor, unless shown by the purchaser to have been made in good faith and with a contrary intent, is construed as follows:[1]

   *a*—The question of a change of possession must in all cases be considered in connection with the other facts in the case. The situation of the parties, and their relation to each other, the kind of property, and its susceptibility of an actual change of possession, must all be considered, and that must be done which will indicate such a change; and, where this is not the case, the burden of proof is upon the purchaser to show that the sale was made in good faith, and without any intent to defraud creditors, from which burden the wife or husband who is a purchaser from the other is not exempt.

   *b*—It is not enough that the purchase was made for a valuable consideration, and with intent to pass the title *absolutely;* but the retention of possession is conclusive evidence of fraud,

[1] See *Iron Works v. Teuton*, 67 Mich. 623, for a valuable case on this subject.

unless the purchaser also makes it appear that the sale was made without any intent to defraud creditors.

c—A fraudulent intent on the part of the ·seller, although not participated in by the buyer, will avoid the sale as to creditors, such participation being only necessary where a sale followed by an actual change of possession is attacked as fraudulent as to creditors.

2. Where a sale of personal property, followed by an actual change of possession, is attacked as fraudulent as to creditors, the burden of proof is upon the attacking party to establish such fact.

Error to Kent. (Grove, J.) Argued May 15, 1890. Decided June 6, 1890.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for appellant, contended for the construction of the statute given in the opinion.

*Frank G. Holmes (FitzGerald & Barry,* of counsel), for plaintiff, contended:

1. The only evidence of fraud that is claimed by counsel for appellant to exist is the statutory presumption arising, as claimed, from the fact that after the sale to the plaintiff the property was allowed to remain in the same barn as before, and in charge of Mr. Kipp. How. Stat. § 6190, has been held not to require an open and visible change of possession in cases where it would be unreasonable, as between husband and wife living together; citing *Davis v. Zimmerman,* 40 Mich. 24, 27.

2. The statute must receive a reasonable construction in its application to any particular case, in the light of the circumstances; citing 1 Bl. Com. 91; and it does not make a want of change of possession absolutely fraudulent of itself, but throws the burden of proof on the purchaser to show that the sale was made in good faith and without fraudulent intent; citing *Molitor v. Robinson,* 40 Mich. 200, 202.

3. The entire substance of the charge was that if the jury, on a careful scrutiny of the testimony, were clearly convinced that there was a *bona fide* sale for value, the statutory presumption would be overcome. The charge, taken as a whole, was correct, and fully as favorable to the defendant as he was entitled to; citing *Pierce v. Rehfuss,* 35 Mich. 53, 55.

4. Where the sale is made in good faith, the delivery of a bill of sale is sufficient to pass the title; citing *Carpenter v. Graham*, 42 Mich. 191, 193, 194.

5. In support of the charge as to the burden of proof where a sale is claimed to be fraudulent, counsel cited *Buck v. Sherman*, 2 Doug. 176; *Hollister v. Loud*, 2 Mich. 309; *Miller v. Finley*, 26 Id. 249; *Robert v. Morrin*, 27 Id. 306; *Darling v. Hurst*, 39 Id. 765; *Campau v. Lafferty*, 50 Id. 114; *Bumpus v. Bumpus*, 59 Id. 95; *McArthur v. Oliver*, 60 Id. 605; *Allison v. Ward*, 63 Id. 128; *Bostwick v. Benjamin*, Id. 289; *Blish v. Collins*, 68 Id. 542.

CHAMPLIN, C. J. Sarah B. Kipp brought replevin against Lamoreaux, who is an under-sheriff of Kent county, to recover possession of certain horses and other property which he had levied upon as the property of her husband, Harrison T. Kipp.

The plaintiff claimed that she had purchased this property from her husband, who was engaged in the livery stable business. Defendant claimed upon the trial that the sale was fraudulent, and made to delay, defeat, and defraud the creditors of Harrison T. Kipp. The defendant claimed that there had been no change of possession, and that, therefore, the burden of proof was upon the plaintiff to show that the sale was made in good faith, and without any intent to defraud creditors.

The errors relied upon in this Court relate exclusively to the charge of the court. This charge is couched in the following language:

"*Gentlemen of the Jury:* This is an action of replevin. It involves the question of who is entitled to the possession of this property at the time of the commencement of suit.

"The plaintiff claims that she was entitled to the possession as owner of the property, and she claims to have acquired title to the property from Mr. Kipp, now her husband, about the 2d day of October, 1888, I believe, by purchase from him in payment of moneys which she claims she had loaned him. The defendant, who is under-sheriff of this county, claims that at the time of the commencement of this suit he was entitled to the possession of

the property by virtue of a levy which he had made upon an execution against the plaintiff's husband.

"The question of fact for you to determine is, who was the owner of this property?—whether Mr. Kipp was the owner at the time the levy was made, or whether the plaintiff, Mrs. Kipp, was the owner. As you find the fact to be in regard to the claim of the purchase by the plaintiff, so will your verdict be. To entitle the plaintiff to recover in this suit, she must satisfy you by a fair preponderance of the evidence that the sale to her, which she claims was made, was in fact made in good faith, and for full value. If you believe her testimony, and that of Mr. Kipp, then there were at different times loans made in different amounts, aggregating more than $700, which were unpaid at the time this bill of sale was made, and $700 which constituted the consideration for this purchase.

"Now, it is a general rule where there is no change in the possession, where the possession of the property remains with the seller, that it is evidence, more or less conclusive, of fraud. It is *prima facie* evidence of fraud, casting the burden upon the party claiming under the sale to prove by convincing proof that the sale was made in good faith and for value. Our Supreme Court have held that where the relation of husband and wife exists, and they are the parties to the alleged sale, this rule cannot be applied strictly, although the circumstance is one to be considered; that open or visible change of possession, under such circumstances, cannot be expected where the parties in the alleged sale are husband and wife, and living together. Here the parties were not married, but it is claimed on the part of the plaintiff that a contract of marriage existed between them, and that the day for the wedding was practically fixed to occur within something in the neighborhood of two months following the sale; and that in the mean time she was to go, and did go, to the home of her parents, in another part of the State, to prepare for the approaching marriage, and that on her return they were married, on the 11th day of December.

"Now, under all of those circumstances, if you believe those to be the facts from the evidence—I have concluded not to give you the general rule which I have stated as applicable to the facts in this case, if you find those to be the facts, but to say to you that you should consider those circumstances, of the relation between the parties, their marriage engagement, and all of the facts developed by the testimony in connection therewith, and also the facility with which frauds may be accomplished between parties bearing such relations to each other, under pretense of sales; and that you should carefully weigh all the testimony bearing upon the

question as to whether there was a sale in fact made; and that the proof should be clear and convincing, more so than if the parties were strangers to each other; that alleged sales between parties occupying such relations should be closely scrutinized in weighing the testimony. And if you find the fact to be, from all the evidence, giving it the weight that should be given to it under these instructions, that the sale was as claimed,—that is the controlling question in the case,—if you find that the sale was made in consideration of money loaned, then your verdict should be for the plaintiff; otherwise it should not.

"Now, in considering the facts and circumstances connected with this alleged sale, it is proper to take into consideration the fact, if you find from the evidence that it is a fact, that Mr. Kipp believed that the debt upon which this execution issued was outlawed, as bearing upon the question of whether he would have an intent to defraud; also any other fact developed by the testimony that may aid you in determining the question whether or not the sale was made in good faith. It is claimed that Mr. Kipp had the fraudulent intent, in disposing of this property, to hinder, delay, or defraud his creditors. If you find that to be the fact, it would not be sufficient of itself to entitle the defendant to a verdict in this case, because it would be necessary for you to still further find that the plaintiff in some way participated in that fraud, if you find the other facts that I have told you necessary to be found, that she purchased the property for value. Unless she participated in the fraud, and made the purchase with the intent to help him, if he had himself the intent, it would not be such a fraud as would deprive her of the benefit of the sale which she claims was made to her, if she did in fact purchase the property for full value.

"Fraud can never be presumed without proof. It is not to be lightly inferred, but must be proved by a preponderance of evidence by the party alleging it. Where an honest intent can be as clearly inferred as a dishonest one, the jury should infer that the intent was honest, because the presumption is in favor of innocence. Fraud cannot be presumed from slight circumstances. Proof of fraud should be such as to convince your minds as to its existence; and, if not so proved, your verdict should be for the plaintiff.

"The form of the verdict, if you find for the plaintiff, will be, 'We find for the plaintiff, and assess the damages at six cents.' If you find for the defendant, then, the defendant having waived a return of the property replevied, your verdict should be for the amount of the value of the property as shown by the evidence. What you find the value of the property to be, would be the

amount that the defendant would be entitled to recover, if you find for the defendant."

Counsel for defendant contend that the defendant was entitled to have a charge covering the general rule, where creditors contest a sale of personal property on the ground of fraud as to them, and that the court erred in refusing to give it, and in giving a modified rule as to parties standing in the relation of husband and wife.

We think the defendant was entitled to a charge covering his theory of the case, and to the general rule laid down in the statute respecting sales of personal property, where the same is not accompanied by an immediate delivery, and followed by an actual and continued change of possession. At the time the bill of sale was executed the plaintiff and Mr. Kipp were not husband and wife. That was dated October 2, 1888, and they were not married until in December following. A marriage engagement existed, and after the bill of sale was executed she went to Milan to prepare for her wedding. He continued to carry on the livery business in the city of Grand Rapids. The levy was not made until after the marriage.

The question of change of possession must in all cases be considered in connection with the other facts in the case. The relation of husband and wife forms no exception to the rule. The situation of the parties, and their relation to each other, the kind of property, its susceptibility of an actual change, must all be considered, and that must be done which will indicate an actual and continued change of possession; and where this is not the case the burden of proof is upon the purchaser to show that the sale was made in good faith, and without any intent to defraud creditors. From this burden the wife or husband who is a purchaser from the other is not exempt. It is a mistake to suppose that the case of *Davis*

*v. Zimmerman,* 40 Mich. 24, countenances a different doctrine. That case holds that the wife must establish her right to the property (in that case an executed gift) by a fair preponderance of evidence. This right includes the *bona fides* of the transaction, and the non-existence of the intent to defraud creditors, when there has been no actual and continued change of possession.

The court, in modifying the general rule upon this branch of the case, told the jury that the controlling question was, if the jury should find that the sale was made in consideration of money loaned, then their verdict should be for the plaintiff; otherwise it should not. This omitted the important element contained in the statute relative to intent. Under this section of the statute it is not enough that the purchase was made in good faith, —that is, for a valuable consideration, with intent to pass the title absolutely; but it is conclusive evidence of fraud, unless the purchaser shall also make it appear that the sale was made without any intent to defraud creditors. Under this statute, a fraudulent intent on the part of the seller, although not participated in by the buyer, will avoid the sale as to creditors. In this respect it differs from sales attacked as fraudulent as to creditors, where there has been an actual and continued change of possession.

The assignment of error, based upon the concluding portion of the charge respecting the burden of proof, we think is not well founded. The defendant claimed that the sale was fraudulent, because it was without consideration, and made with intent to defraud Mr. Kipp's creditors. This was in addition to the claim that there had been no change of possession. It was to this claim of fraud that this portion of the charge refers, and is correct as applied to that branch of the defense.

The circuit judge should have submitted the question to the jury whether there had been an immediate delivery, and, if so, whether there had been an actual and continued change of possession, unless it was conceded that there had not been; and should have charged that, if the jury found that there had not been an actual and continued change of possession, then they should find whether the sale was made in good faith, and without any intent to defraud the creditors of Harrison T. Kipp.

The judgment must be reversed, and a new trial ordered.

MORSE, GRANT, and CAHILL, JJ., concurred. LONG, J., did not sit.