### CANFIELD v. W. J. GOULD & CO.

1. DEBTOR AND CREDITOR — CONVEYANCE AS SECURITY — GENERAL ASSIGNMENT.

    A conveyance by bill of sale of all one's property as security for a debt, no creditor save the grantee being named in the instrument or provided for by outside agreement, cannot be construed as a general assignment for the benefit of creditors.

2. CHATTEL MORTGAGES—TROVER.

    A mortgagee of chattels may maintain an action of trover for the conversion of the mortgaged property.

3. SAME—PLEADING AND PROOF.

    An averment of general ownership of chattels is sustained, as against a stranger, by proof of a mortgage interest therein.

4. FRAUDULENT CONVEYANCES—BURDEN OF PROOF.

    2 How. Stat. § 6190, casting upon the purchaser of personal property, who permits the same to remain in the possession of the seller, the burden of showing, as against creditors, not only his own good faith, but the good faith of the seller, does not apply to a transfer of property as security.

Error to Wayne; McMahon, J., presiding. Submitted October 8, 1897. Decided January 4, 1898.

Trover by Georgie Canfield against W. J. Gould & Company, a corporation. From a judgment for plaintiff, defendant brings error. Affirmed.

*Henry B. Graves*, for appellant.

*Lehman Bros.* and *F. J. Riggs*, for appellee.

Montgomery, J. This is an action of trover, to recover the value of certain goods seized and attached at the instance of defendant. The attachment ran against the goods and chattels of Canfield Bros., and was sued out on the 22d day of September, 1896. On the 12th of September, 1896, Canfield Bros. had given to the plaintiff a bill of sale of their stock in trade, book accounts, etc.; and the questions presented on the trial related to this transfer, and its *bona fides.* The plaintiff recovered the value of the goods seized, $279.53, and defendant brings error.

It is contended:

(1) That the transfer should be construed as a general assignment for the benefit of creditors.

(2) That the plaintiff is estopped by her pleadings from recovery upon any other theory than that she was the absolute owner of the stock in question.

(3) That, if the bill of sale passed the title, then, as there was no immediate delivery, the transfer was presumptively fraudulent, and the instructions were faulty, in that the plaintiff was not, under the instructions given, required to show good faith on the part of Canfield Bros.

1. The evidence shows that the bill of sale conveyed all the property of Canfield Bros., it is true; but the sole purpose was to secure a single creditor, the plaintiff. No other creditors were either named in the instrument or provided for by outside agreement. As was said by Mr. Justice Grant in *Hill* v. *Mallory*, 112 Mich. 390, "A debtor may prefer a creditor by a mortgage on all his property, or by a transfer of all his property in payment, when the value of the property is not so in excess of the debt as to raise the presumption of fraud." See, also, *McMorran* v. *Moore*, 113 Mich. 101, and cases cited;

*National Bank of Oshkosh* v. *First Nat. Bank of Ironwood,* 100 Mich. 485.

2. The declaration contained counts in trover. This form of action was proper, even though the plaintiff's rights were those of a mortgagee only. *Wright* v. *Starks,* 77 Mich. 221; *McGraw* v. *Bishop,* 85 Mich. 72.

It is contended that as the declaration contains a special count, in which plaintiff avers that she was the owner of the same goods described in the counts in trover, she must be held bound by the averment in the special count. The only way that this question appears to have been raised in the court below was by preferring a request which read, "The declaration of the plaintiff alleges an ownership of the disputed property in the plaintiff, and the undisputed evidence in the case discloses that plaintiff did not own the goods, and for that reason the verdict must be for defendant." The request does not challenge the attention of the trial judge to any conflict between the various counts of the declaration. Presumably, if it had, the court would have permitted an amendment. But we think that there was no such conflict between the various counts as precluded proof of the title which plaintiff established. The special count alleges the indebtedness of Canfield Bros. to the plaintiff, and alleges that, in order to satisfy plaintiff's debt, Canfield Bros. executed to plaintiff a bill of sale of the goods and chattels, which thereupon became and were the property of plaintiff. This avers but a general ownership of the property, and we think that, as against a stranger, a chattel mortgagee shows such a title as entitles him to recover under such an averment. Indeed, the cases in which trover has been maintained by a mortgagee necessarily so hold, as the averment in trover is that "plaintiff was lawfully possessed, as of his own property, of," etc.

3. The defendant's contention that one who purchases an absolute title in personal property, and permits the same to remain in the possession of the seller, has the duty cast upon him, in such an action as the present, to show,

not only good faith on his own part, but also on the part of the seller, is supported by *Kipp* v. *Lamoreaux*, 81 Mich. 299; 2 How. Stat. § 6190. It is doubtful whether the court made the distinction between such a case, and the case of one who accepts a mortgage or bill of sale as security, clear to the jury; but, in the view we take of the case, we need not consider whether the charge, as a whole, was misleading, if both theories were open to the jury, for we think, fairly construed, that there is no evidence that this bill of sale was given as an absolute transfer of the property in question. Defendant's second request on the trial was as follows:

"It was also the intention of all the parties to this conveyance that this transfer to the plaintiff should operate as security for a certain debt alleged to be owing to the plaintiff by the firm of Canfield Bros., and that after the plaintiff had sold the goods transferred to her, at such times as she saw fit, any surplus over and above the debt due her by Canfield Bros. would be returned by her to Canfield Bros."

This request stated the effect of the testimony correctly, in so far, at least, as it stated that the instrument was accepted as security. Section 6190, 2 How. Stat., does not, therefore, apply to this security. *Cooper* v. *Brock*, 41 Mich. 488. It follows that any omission to instruct the jury as to the effect of nondelivery of property conveyed by a bill of sale intended to be absolute could not have worked any injury to defendant, if the real issue was fully covered. We find that the charge of the court fully and clearly presented the issue as to *bona fides*, and that no error was committed to the prejudice of defendant.

Judgment affirmed.

The other Justices concurred.