ITTLESON v. HAGAN.

1. CHATTEL MORTGAGES—SALES—RESERVING TITLE.
   A contract for the sale of an automobile, under which the
   vendor retained title not only until the balance due on the
   contract was paid, but until all other sums, however evi-
   denced, which the vendee then owed, and any judgments
   obtained therefor, were fully paid, is a chattel mortgage.

2. MOTOR VEHICLES—STATUTES—FAILURE TO DELIVER CERTIFICATE
   OF TITLE RENDERS CONTRACT VOID.
   Where the seller of an automobile failed to comply with the
   provisions of section 3, Act No. 46, Pub. Acts 1921, as
   amended by Act No. 16, Pub. Acts 1923, requiring the delivery
   of an assigned certificate of title by the seller to the purchaser,
   the contract of sale was void.

3. APPEAL AND ERROR—DECISION NOT RESTED ON QUESTION NOT
   RAISED IN TRIAL COURT.
   Where, in replevin proceedings for the possession of an auto-
   mobile, the fact that the contract of sale was void because
   of failure of the seller to deliver an assigned certificate of
   title to the purchaser, as required by section 3, Act No. 46,
   Pub. Acts 1921, as amended by Act No. 16, Pub. Acts 1923,
   was not raised in the trial court, the Supreme Court does
   not rest its decision on said question.

Error to Isabella; Hart (Ray), J. Submitted
October 10, 1928. (Docket No. 153, Calendar No.
33,937.) Decided December 4, 1928.

Replevin by Henry Ittleson and others, doing busi-
ness as the Commercial Investment Trust, against
J. Russell Hagan and Irah P. Chase for the pos-
session of an automobile. Judgment for defendant
Chase on a directed verdict. Plaintiffs bring error.
Affirmed.

*F. H. Dodds* and *F. H. Dusenbury,* for appellants.

*O'Keefe & O'Keefe,* for appellee Chase.

Sharpe, J.  The plaintiffs' claim is based upon an assignment to them of a contract entered into by the defendant Hagan to purchase a motor vehicle from F. J. Quinlan of Mt. Pleasant.  It contained the following provision:

"It is agreed that the title to, ownership in, and right of possession of said chattel are vested in you and your assigns until said indebtedness and all other sums of money payable to you, whether evidenced by note, book account, or otherwise, also any judgments which you, your successors or assigns may obtain therefor, shall have been fully paid in money, at which time ownership shall pass to me."

This instrument was not recorded.  It seems to be conceded that if it be found to be a chattel mortgage, the action of the trial court in directing a verdict for the defendant Chase and entering judgment thereon should be affirmed.  Under it the vendor retained title not only until the balance due on the contract was paid but until all other sums, however evidenced, which he then owed and any judgments obtained therefor were fully paid.  Under it he might sue and obtain judgment and yet retain title.  This provision clearly stamps it a security—a chattel mortgage, under the repeated decisions of this court. Among them are *Young* v. *Phillips,* 202 Mich. 480, and *Nelson* v. *Viergiver,* 230 Mich. 38.  It cannot be said that the subsequent provisions change its nature.

That the contract between Quinlan and Hagan was void because Quinlan failed to comply with the mandatory requirements of the statute (section 3, Act

No. 46, Pub. Acts 1921, as amended by Act No. 16, Pub. Acts 1923), as was pointed out in *Endres* v. *Mara-Rickenbacker Co.*, 243 Mich. 5, admits of no doubt. As this question was not raised in the trial court, we do not, however, rest decision upon it.

The judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.