KRUSE v. CAREY.

1. MOTOR VEHICLES—WHEN TITLE PASSES—CERTIFICATE OF TITLE.
    Title to motor vehicle passes on delivery of properly executed assignment of certificate of title, notwithstanding there is delay in forwarding certificate to secretary of State (1 Comp. Laws 1929, §§ 4660–4665).

2. FRAUDULENT CONVEYANCES—REPLEVIN—QUESTION FOR JURY.

In replevin by purchaser of motor truck which remained in seller's possession, where seller's creditors claimed that alleged sale was in fraud of their rights, they were entitled to have *bona fides* of sale submitted to jury (3 Comp. Laws 1929, § 13421).

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted April 5, 1932. (Docket No. 8, Calendar No. 36,042.) Decided June 6, 1932.

Replevin in common pleas court by William E. Kruse against Lester W. Carey for return of a motor truck alleged to have been unlawfully levied upon. Verdict and judgment for plaintiff. Defendant appealed to the circuit court. Directed verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Stanley E. Hathaway,* for plaintiff.

*Brennan B. Gillespie,* for defendant.

NORTH, J. In a replevin suit plaintiff waived return of a Ford motor truck and took a money judgment for the vehicle which he alleged defendant, a constable, had unlawfully levied upon and sold. Plaintiff's right to recover depends upon the validity of the sale of the truck to him by the Fairview Family Laundry Company, a Michigan corporation. In effect, the court charged the jury that the sale was valid, and submitted to the jury only the question of the amount of damage. From the judgment in favor of plaintiff, defendant has appealed.

The first question presented is whether the alleged sale to plaintiff was void because of failure to comply with all the requirements of the statute governing the transfer of title to motor vehicles. 1

Comp. Laws 1929, §§ 4660–4665. The execution by virtue of which defendant levied was issued incident to a judgment against the Fairview Family Laundry. When defendant was about to make the levy he was informed by the president of the laundry company that the Ford truck had previously been sold to plaintiff and was shown a written instrument which purported to evidence the transaction. This paper was dated and notarized February 6, 1931, and the levy was made February 16th. The following testimony by plaintiff is undisputed:

"*Q.* When did you buy that truck?

"*A.* On February 6, 1931.

"*Q.* At the time you bought that truck from them did you receive from them the assignment of the title to the car?

"*A.* Yes."

Notwithstanding plaintiff did not forward his assigned certificate of title to the secretary of State until February 24, 1931, title to the Ford truck passed to plaintiff on the day of the sale to him accompanied by delivery of the certificate of title properly signed and sworn to before a notary public. While the following cases do not adjudicate the exact question, they seem to plainly indicate that title passes upon delivery of the properly executed assignment of the certificate of title to the purchaser, and not before. *Endres* v. *Mara-Rickenbacker Co.*, 243 Mich. 5; *Ittleson* v. *Hagan,* 245 Mich. 56; *Bos* v. *Holleman De Weerd Auto Co.,* 246 Mich. 578; *Scarborough* v. *Detroit Operating Co.,* 256 Mich. 173. It thus appears from the undisputed testimony that there had been sufficient compliance with the provisions of the statute cited and title had passed to plaintiff prior to the date on which de-

fendant levied upon the motor truck. The same question is presented and passed upon in *Schomberg* v. *Bayly, ante,* 135.

After the sale to plaintiff, the Ford truck continuously remained in the possession of the laundry company up to and including the time defendant seized it upòn levy of the execution. Appellant claims that under the statute this circumstance raised a presumption that the alleged sale was fraudulent as to the judgment creditor for whom the levy was made, and that this issue should have been submitted to the jury instead of having been determined by the trial judge. This is assigned as a reason for appeal, and we think is well founded.

"Every sale made by a vendor of goods and chattels in his possession or under his control * * * unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold * * * shall be presumed to be fraudulent and void as against the creditors of the vendor * * * and shall be conclusive evidence of. fraud, unless it shall be made to appear on the part of the persons claiming under such sale or assignment that the same was made in good faith, and without any intent to defraud such creditors or purchasers." 3 Comp. Laws 1929, § 13421.

"The defendant's contention that one who purchases an absolute title in personal property, and permits the same to remain in the possession of the seller, has the duty cast upon him, in such an action as the present, to show, not only good faith on his own part, but also on the part of the seller, is supported by *Kipp* v. *Lamoreaux,* 81 Mich. 299." *Canfield* v. *W. J. Gould & Co.,* 115 Mich. 461.

See, also, *Detroit & Security Trust Co.* v. *Gitre,* 254 Mich. 66.

Because of the above-quoted statutory provision, this record clearly presents an issue of fact as to the *bona fides* of the sale of the Ford truck to plaintiff. Defendant was entitled to have this issue submitted to the jury.

For the reason indicated, judgment is reversed, and a new trial ordered. Costs to appellant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.