TAYLOR *v.* BURDICK.

1. Statutes—Amendment—Application—Automobiles—Titles.

In determining a case involving the application of an automobile title transfer statute at a specific time, decision must be made with reference to the statute as it read at the time of the transaction involved irrespective of subsequent amendment thereof (1 Comp. Laws 1929, § 4660, as amended by Act No. 160, Pub. Acts 1935 and Act No. 272, Pub. Acts 1945).

2. Automobiles—Titles—Construction of Statutes.

The purpose of the statute relative to transfer of titles to motor vehicles is to protect the public against fraud and imposition in transactions involving such titles, and to discourage larceny and unlawful disposition of such vehicles and is to be interpreted in accordance with the general purpose sought to be effectuated by it (1 Comp. Laws 1929, § 4660, as amended by Act No. 160, Pub. Acts 1935).

3. Same—Certificate of Title—Ownership.

The owner of an automobile within the contemplation of the law of this State is the person who has the certificate of title thereto registered in his name, as title follows such certificate (1 Comp. Laws 1929, § 4632 *et seq.*).

4. Same—Certificate of Title—Licenses.

A license to operate an automobile may be delivered only when a certificate of title has been issued (1 Comp. Laws 1929, § 4632 *et seq.*).

5. Same—Transfer of Title—Statutes—Gifts.

Since the statute pertaining to the transfer of title to a motor vehicle sought to cover every transaction involving the transfer of a motor vehicle from the owner to another, as well as transfer by operation of law, the words "or other transfer" appearing in the title of the act is construed as applicable to transactions other than sales and is sufficiently comprehensive to cover gifts both *inter vivos* and *causa mortis* (1 Comp. Laws 1929, § 4632 *et seq.*).

6. GIFTS—TITLE.

It is essential to a gift that the title shall pass to the donee.

7. SAME—TRANSFER OF TITLE.

The fact that a gift is a gratuitous transaction does not in any way deprive it of its character as a transfer of title.

8. SAME—CAUSA MORTIS—TRANSFER OF TITLE.

While a gift *causa mortis* is subject to possible revocation, it necessarily involves a transfer of the title, such transfer to be effectuated in a lawful manner.

9. AUTOMOBILES—GIFTS—TRANSFER OF TITLE—STATUTES—FINDING OF COURT—EVIDENCE.

Where title to automobile was not transferred in accordance with pertinent statute by one alleged to have been plaintiff's donor, the witnessed statement made by such donor shortly before his death that he turned his car over to plaintiff, gave her the keys and left it in her possession, evidence supported finding of court that there was not an executed gift of the automobile to plaintiff (1 Comp. Laws 1929, § 4632 *et seq.*).

Appeal from Wayne; Webster (Arthur), J. Submitted December 10, 1947. (Docket No. 97, Calendar No. 43,560.) Decided January 5, 1948.

Bill by Anna Taylor against Benjamin D. Burdick, administrator of the estate of Herman Faust, deceased, for declaratory decree determining that plaintiff is the owner of an automobile. Decree for defendant. Plaintiff appeals. Affirmed.

*Meyer Weisenfeld,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Ben H. Cole* and *Leonard J. Meldman,* Assistants Attorney General, for defendant.

CARR, J. Plaintiff instituted equity proceedings in circuit court to obtain a declaration of rights under the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501

*et seq.*]). The amended bill of complaint alleged that during his lifetime defendant's decedent, Herman Faust, was the owner of a Dodge automobile, and that on the 23d of April, 1944, Mr. Faust executed an instrument in writing in the following form:

> "4–23–44
>
> Detroit, Michigan.
>
> "I, Herman Faust, at these date, turn my car and my insurance property in Cleveland and some money to Mrs. Taylor.
>
> Sgd. HERMAN FAUST.
>
> Witness: LEWIS M. BREEST
> Witness: JAMES ZUGROS, JR."

Plaintiff further claimed that following the execution of the quoted document the automobile remained in her possession, and that shortly before his death, in September, 1944, Mr. Faust advised plaintiff that he was going to the hospital and did not believe that he would return alive therefrom, and he at that time gave her the keys to the car, telling her in substance that the car was hers. The record does not disclose the date of the death of Mr. Faust, which occurred at some time after his removal to the hospital.

Proceedings were instituted to probate the above instrument in writing as the last will and testament of Mr. Faust. Following a hearing, the probate court held that the document was not a will and hence not entitled to probate. It does not appear that any appeal was taken from such decision.

Plaintiff further asserted in her amended bill of complaint that she was entitled to the automobile in question, as against the defendant administrator, on the theory that it was a gift to her *inter vivos* under the writing executed by Mr. Faust in April, 1944, or, in the alternative, that it was a gift *causa mortis* by virtue of what Mr. Faust said and did immediately prior to his entering the hospital. The court was

asked to make a determination of rights accordingly, and to require the defendant to transfer and assign the title of the automobile to plaintiff. Defendant by answer denied the material averments of the bill of complaint, and further asserted that a valid gift of the automobile to plaintiff could not have been made except by indorsing the certificate of title in accordance with 1 Comp. Laws 1929, § 4660, as amended by Act No. 160, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 4660, Stat. Ann. § 9.1474). Admittedly, such indorsement of the certificate of title was not made. On the trial in circuit court, testimony was offered on behalf of plaintiff, tending to support the allegations of fact in the bill of complaint. The trial court came to the conclusion that there was no valid gift, because of the failure to comply with the statute in question, and accordingly entered a decree for the defendant, declaring the automobile to be an asset of the estate. From such decree, plaintiff has appealed.

The section of the statute above cited reads as follows:

"SEC. 3. In the event of the sale or other transfer after October 1, 1921, of the ownership of a motor vehicle for which a certain certificate of title has been issued as aforesaid, the holder of such certificate shall endorse on the back of same an assignment thereof with warranty of title in the form printed thereon with a statement of all liens or encumbrances on said motor vehicle, sworn to before a notary public or some other person authorized by law to take acknowledgments, and deliver the same to the purchaser or transferee at the time of the delivery to him of such motor vehicle, which shall show the payment or satisfaction of any mortgage or lien as shown on the original title. The purchaser or transferee, unless such person is a dealer licensed under section 14 of this act, shall within ten days

thereafter present such certificate, assigned as aforesaid, to the secretary of State, accompanied by a fee of one dollar, whereupon a new certificate of title shall be issued to the assignee: Provided, however, If such person shall, in such manner and form as the secretary of State prescribes, authorize and direct the delivery of the certificate of title to some other designated person, firm or corporation, delivery shall be made accordingly. It shall be the duty of the secretary of State, in all certificates of title hereafter issued, to provide suitable space for such authorization. Said licensed dealer shall on selling or otherwise disposing of said motor vehicle, execute and deliver to the purchaser thereof an affidavit of conveyance or assignment in such form as the secretary of State shall prescribe, to which shall be attached the assigned certificate of title received by such dealer. It shall also be the duty of such licensed dealer to notify the secretary of State on forms provided by the department of State of any used car held for sale for a period greater than thirty days, such signed form to become part of the transfer record filed by the department of State. The purchaser of said motor vehicle shall within ten days from purchase of such motor vehicle, apply for and receive from the secretary of State a certificate of title. Said certificate, when so assigned and returned to the secretary of State, together with any subsequent assignments or reissues thereof, shall be retained by the secretary of State and appropriately filed and indexed for a period of six years: *Provided,* When the ownership of any motor vehicle shall pass by operation of law, the person owning such motor vehicle, may, upon furnishing satisfactory proof to the secretary of State of such ownership, procure a title to said motor vehicle regardless of whether a certificate of title has ever been issued. In event of the death of an owner of one or more motor vehicles whose total value does not exceed five hundred dollars who does not leave other property necessitating

the procuring of letters of administration or letters testamentary as is required in section 1 of chapter 53 of the judicature act of 1915, being section 15585 of the compiled laws of 1929, the surviving husband or wife or next of kin in the order named in section 2 of the said chapter, being section 15586 of the compiled laws of 1929, may make application for title, after first having furnished the secretary of State proper proof of the death of the registered owner, attaching thereto an affidavit setting forth the fact that said applicant is the surviving husband or wife or next of kin and upon proper petition, the secretary of State shall furnish applicant with a certificate of title.''

This section was further amended by Act No. 272, Pub. Acts 1945. For obvious reasons, we are not concerned in this case with such amendment. The question at issue must be determined with reference to the statute as it read at the time of the transactions involved in the instant controversy.

The section quoted is section 3 of Act No. 46, Pub. Acts 1921. As amended by Act No. 16, Pub. Acts 1923, the title reads as follows:

''An act to protect the title of motor vehicles within this State; to provide for the issuance of certificates of title and evidence of registration thereof; to regulate purchase and sale or other transfer of ownership; to facilitate the recovery of motor vehicles stolen or otherwise unlawfully taken; to provide for the regulation and licensing of certain dealers in used and second hand vehicles as herein defined; to prescribe the powers and duties of the secretary of State hereunder; and to provide penalties for violation of the provisions hereof.''

Said title, as well as the provisions of the body of the act, clearly indicates a legislative purpose to protect the public against fraud and imposition in transactions involving the titles of motor vehicles,

and to discourage larceny. and unlawful disposition of such vehicles. This Court in prior cases has construed the statute, applying the general rule that it is to be interpreted in accordance with the general purpose sought to be effectuated by it. In *Endres* v. *Mara-Rickenbacker Co.*, 243 Mich. 5, it was held that an attempted sale of a motor vehicle, without complying with the statute as to indorsement of the certificate of title, was void. In commenting on the purpose of the act, it was said:

"The act is designed to discourage and to prevent stealing of automobiles, to protect the public against crime. It states definitely a rule of sale or transfer of automobiles, and it provides the stated penalty for violation thereof."

In *Noorthoek* v. *Preferred Automobile Insurance Co.*, 292 Mich. 561, 566, it was said:

"The owner of an automobile within the contemplation of the law of this State is the person who has the certificate of title thereto. A person is the owner of an automobile when the title is registered in his name. Title follows a certificate of ownership. A license to operate an automobile may be delivered only when a certificate of title has been issued." *

In support of the conclusion reached, the Court cited the following cases involving the interpretation of the statute.. *Endres* v. *Mara-Rickenbacker Co.*, supra; *Ittleson* v. *Hagan*, 245 Mich. 56; *Bos* v. *Holleman De Weerd Auto Co.*, 246 Mich. 578; *Kelly* v. *Lofts*, 253 Mich. 552; *Schomberg* v. *Bayly*, 259 Mich. 135; *Kruse* v. *Carey*, 259 Mich. 157; *Kimber* v. *Eding*, 262 Mich. 670.

It is apparent from the language of the statute above set forth that the legislature sought to cover

---

* See 1 Comp. Laws 1929, § 4632 *et seq.* (Stat. Ann. § 9.1431 *et seq.*).

every transaction involving the transfer of a motor vehicle from the owner to another, as well as transfer by operation of law. An intent to cover the situation fully is clearly manifested by the language used. Obviously the purpose sought could not have been fully accomplished otherwise. The words "or other transfer," appearing in the title of the act and in the section quoted, must be construed as applicable to transactions other than sales. In accordance with established rules of statutory construction, the words must be given their ordinary meaning, and may not properly be regarded as merely repetitious. Obviously, the expression is sufficiently comprehensive to cover gifts, both *inter vivos* and *causa mortis*. It is essential to a gift that the title shall pass to the donee. 38 C. J. S. p. 781 *et seq.* The fact that it is a gratuitous transaction does not in any way deprive it of its character as a transfer of title. *Molenda* v. *Simonson,* 307 Mich. 139. While a gift *causa mortis* is subject to possible revocation, it necessarily involves a transfer of the title, such transfer to be effectuated in a lawful manner. *In re Reh's Estate,* 196 Mich. 210.

Counsel in their briefs have called attention to decisions from other States, but it appears that in each instance the determination of the question presented has been based on the language of a controlling statute. Such being the case, a discussion of the cases cited would serve no useful purpose. The interpretation of the Michigan statute is clearly indicated by the decisions of this Court, above cited, and supports the finding of the trial court that there was no executed gift of the automobile to plaintiff.

Judgment affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.