*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LIBAN M. ABDI,

      Plaintiff-Appellee,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

      Defendant-Appellant,

and

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

      Defendants-Appellees,

and

JOHN DOE INSURANCE COMPANY,

      Defendant.

UNPUBLISHED
March 25, 2021

Nos. 349577; 350418
Washtenaw Circuit Court
LC No. 17-000825-NF

Before: FORT HOOD, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

      In these consolidated appeals, defendant Progressive Michigan Insurance Company (Progressive) appeals on delayed leave granted the order of the trial court denying Progressive's motion for summary disposition under MCR 2.116(C)(10) of plaintiff's claim for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. Progressive also appeals by leave granted the order of clarification issued by the trial court declaring as a matter of law that Progressive's policy of no-fault insurance was in effect at the time of plaintiff's auto accident. We reverse and remand.

-1-

## I. FACTS

These appeals arise from an auto accident and the resulting lawsuit. On Friday, September 23, 2016, plaintiff, a resident of Ohio, drove to Michigan to buy a 2001 Freightliner semi-truck (the truck) from Jeffrey Draper, the owner of Michigan Truck Leasing, LLC (Michigan Truck). Draper advertised the truck for sale on Craigslist, and plaintiff arranged to meet Draper at his shop in Millington, Michigan to look at the truck.

Plaintiff arrived at Draper's shop at approximately 5:00 p.m. After inspecting and driving the truck, plaintiff purchased it, giving Draper $7,000 in cash. Draper and plaintiff signed the truck's certificate of title, which Draper gave to plaintiff after listing the sale price and the truck's odometer reading on the certificate. Draper removed the license plate and all the decals from the truck, and removed the registration and certificate of insurance from the inside of the truck before plaintiff drove the truck away.

The parties do not dispute that Michigan Truck had a policy of commercial automobile insurance through Progressive and that the truck was listed on the policy as a scheduled vehicle. The policy issued by Progressive to Michigan Truck included an automatic termination clause, which provided in part:

> If an **insured auto** is sold or transferred, any insurance provided by this policy will terminate as to that **insured auto** on the effective date of the sale or transfer.

According to Draper, on the evening of September 23, 2016, he told plaintiff that plaintiff was not covered under Michigan Truck's insurance, and offered to allow plaintiff to leave the truck at Draper's shop until plaintiff could obtain a license, registration, and insurance for the truck. Plaintiff, however, chose to drive the truck away that evening without a license plate or registration for the truck. Later that evening, plaintiff was driving the truck on US-23 in Hartland Township, Michigan, when he lost control of the truck, crossed the median, and struck a semi-truck driven by Aurel Roma; both plaintiff and Roma were injured. Plaintiff testified that he has no memory of the events on September 23, 2016, and only remembers waking up in the hospital. Draper testified that he called his insurance agent on Monday, September 26, 2016, to cancel coverage on the truck.

Plaintiff initiated this action against Progressive, the Michigan Automobile Insurance Placement Facility (MAIPF), the Michigan Assigned Claims Plan (MACP), and John Doe Insurance Company. Plaintiff alleged that Progressive insured the truck at the time of the accident, and that Progressive had breached its insurance policy by refusing to pay PIP benefits to plaintiff. Plaintiff further alleged that if Progressive was not the priority insurer under the no-fault act, then the MAIPF or the MACP, or the insurance company to which his claim for PIP benefits would be assigned (the John Doe Insurance Company), was first in priority under the no-fault act to pay the benefits.

Progressive moved for summary disposition under MCR 2.116(C)(10), contending that (1) it did not insure the truck at the time of the accident, (2) Progressive was not in the order of priority under MCL 500.3114 because it was not the insurer of either the owner or registrant of the truck at the time of the accident, and (3) under MCL 500.3113 plaintiff was precluded from recovering PIP benefits. In response, plaintiff argued that (1) coverage under Progressive's insurance policy

did not terminate at the moment of sale, but rather terminated at 12:01 a.m. on September 24, 2016, the first minute of the next day, (2) Draper owned the truck at the time of the accident because Draper still had an insurable interest in the truck, (3) plaintiff was not disqualified from receiving benefits under MCL 500.3113 because the truck was registered in the state of Michigan at the time of the accident, and (4) if Progressive's insurance policy was not in effect as to the truck at the time of the accident, plaintiff was entitled to PIP benefits from the MACP.

After a hearing, the trial court took Progressive's motion for summary disposition under advisement. On September 7, 2018, plaintiff filed a supplemental response to Progressive's motion for summary disposition, relying upon deposition testimony by Draper in a related case pending in Livingston Circuit Court in which Draper testified that he "could have" told plaintiff that he was not going to cancel the insurance on the truck until the following Monday. Plaintiff argued that there was coverage under the Progressive policy because Draper advised plaintiff that the truck was insured. Progressive disputed the deposition testimony and argued that Draper had no authority to bind coverage from Progressive in contravention of the automatic termination clause.

On March 6, 2019, plaintiff filed a second supplemental response to Progressive's motion for summary disposition, relying upon *Progressive Express Ins Co v MSK Logistics, LLC*, unpublished opinion of the United States District Court for the Southern District of Florida, issued June 24, 2016 (Docket No. 15-61804-CIV), in which a federal district court in Florida held that an insurance policy containing a similar automatic termination clause did not terminate until 12:01 a.m. the day following the event that triggered the termination clause. On March 26, 2019, the trial court denied Progressive's motion for summary disposition "[f]or the reasons stated by plaintiff in opposition to Progressive's motion, including the reasons stated in plaintiff's latest supplemental brief." The trial court thereafter denied Progressive's motion for reconsideration.

Plaintiff moved for clarification of the trial court's March 26, 2019 order, seeking an order that it could present in the Livingston Circuit Court action as dispositive of the issue whether Progressive's policy had been in effect at the time of the accident. Progressive opposed the motion for clarification. After a hearing, the trial court granted plaintiff's motion, holding in pertinent part:

> The court finds that while there may be a factual dispute as to whether Progressive's insured sought to cancel the policy before plaintiff's auto accident, nevertheless, for the reasons stated in Plaintiff's supplemental response brief dated March 6, 2019, the court determines as a matter of law that the Progressive insurance policy was in effect at the time of the accident.

This Court thereafter granted Progressive's application for delayed leave to appeal the order of the trial court denying its motion for summary disposition,[1] and granted leave to appeal the trial court's order of clarification.[2]

## II. DISCUSSION

Progressive contends that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(10). Progressive argues that it was entitled to summary disposition because (1) Progressive is not the priority insurer under MCL 500.3114, (2) Progressive's policy was not in effect at the time of the accident, and (3) plaintiff is precluded from PIP benefits under MCL 500.3113. We agree that Progressive was entitled to summary disposition.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When reviewing an order granting summary disposition under MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citations omitted).

We also review de novo issues involving the interpretation of statutes and of contracts. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). Similarly, the priority of insurers under the no-fault act is a question of statutory interpretation that this Court reviews de novo. See *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015).

## B. MCL 500.3114

The priority statutes of the no-fault act, MCL 500.3114 and MCL 500.3115, establish against whom an individual may make a claim for benefits under the act. *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 215; 895 NW2d 490 (2017). Under the priority statutes, a person injured in a motor vehicle accident generally is required to first seek compensation from his or her own no-fault insurer, regardless of whether that person's own vehicle was involved in the accident. MCL 500.3114(1); see *Corwin v DaimlerChrysler Ins Co*, 296 Mich

---

[1] *Abdi v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered November 4, 2019 (Docket No. 349577).

[2] *Abdi v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered November 4, 2019 (Docket No. 350418).

App 242, 262; 819 NW2d 68 (2012). This was true under MCL 500.3114 at the time of the accident in this case, unless one of the exceptions enumerated in former MCL 500.3114(2), (3), or (5) applied. *Duckworth v Cherokee Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347865); slip op at ___.

At the time relevant to this case, MCL 500.3114[3] provided for the following priority of insurers:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) [MCL 500.3101] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .
>
> (2) A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. . . .
>
> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.
>
> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.
>
> (b) The insurer of the operator of the vehicle occupied.
>
> (5) A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority. . . . [Former MCL 500.3114, as amended by 2002 PA 38.]

Thus, PIP benefits under the no-fault act are recoverable under former MCL 500.3114(1) by "the person named in the policy, the person's spouse, and a relative of either domiciled in the

---

[3] MCL 500.3114(4) was amended by 2019 PA 21, and now provides that if there is no personal, spousal, or household policy applicable under MCL 500.3114(1), or under (2) or (3), the injured person must seek PIP benefits through the MACP.

same household, if the injury arises from a motor vehicle accident." *Lewis v Farmers Ins Exch*, 315 Mich App 202, 210; 888 NW2d 916 (2016) (citation omitted). In this case, the parties do not dispute that plaintiff is not a person named in the Progressive policy, nor is he a spouse of a person named in the policy, and he is not a relative of either domiciled in the same household. The Progressive policy issued to Michigan Truck therefore does not provide coverage to plaintiff. See *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 654; 899 NW2d 744 (2017). Similarly, sections (2), (3), and (5) do not apply; plaintiff did not suffer bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers, while an occupant of a motor vehicle owned or registered by his employer, or while an operator or passenger of a motorcycle.

If no policy of insurance applies to a plaintiff under MCL 500.3114(1), and no exception applies under MCL 500.3114(2), (3), or (5), the question is whether there is an applicable insurer under MCL 500.3114(4). In this case, plaintiff sought PIP benefits under former MCL 500.3114(4), which permits an injured person to claim PIP benefits from an insurer if the person (1) suffered accidental bodily injury arising from a motor vehicle accident, and (2) the injury occurred while the person was an occupant of a motor vehicle. The parties do not dispute that plaintiff met these criteria; therefore, under subsection (4) he would be permitted to seek PIP benefits first from "the insurer of the owner or registrant of the vehicle occupied,"[4] and then from "the insurer of the operator of the vehicle occupied." MCL 500.3114(4). Here, the parties do not dispute that plaintiff was the operator of the truck; because Progressive was not plaintiff's insurer, MCL 500.3114(4)(b) does not permit plaintiff to seek PIP benefits from Progressive under that section. Plaintiff was thus entitled to pursue a claim for PIP benefits from Progressive only if under MCL 500.3114(4)(a) Progressive was the insurer of the owner or of the registrant of the truck. Because we conclude that plaintiff was the owner of the truck at the time of the accident, and no one was the registrant of the truck at the time of the accident, plaintiff is not entitled to PIP benefits from Progressive under MCL 500.3114(4)(a).

The "insurer of the owner or registrant of the vehicle occupied," as used in MCL 500.3114(4)(a), refers to the insurer of the vehicle's owner, not the vehicle itself, *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 113; 724 NW2d 485 (2006), and in fact, "refers *only* to a particular insurer that has agreed to provide no-fault insurance to an owner or registrant as required by MCL 500.3101(1) or MCL 500.3102(1)." *Turner v Farmers Ins Exch*, ___ Mich ___; 953 NW2d 204, 206 (2021). If no such insurer exists, there can be no "insurer of the owner or registrant of the vehicle occupied," under former MCL 500.3114(4)(a). *Id.*

At the time relevant to this case, the no-fault act defined an "owner" of a motor vehicle to include a person who holds legal title to the vehicle, as follows:

---

[4] Our Supreme Court has noted that "we read the phrase 'owner or registrant of the vehicle occupied' within [MCL 500.3114(4)(a)] to be part of the more complete requirement as stated in [MCL 500.3101(1)]: 'The owner or registrant of a motor vehicle *required to be registered in this state*' (emphasis added)." *Turner v Farmers Ins Exch*, ___ Mich ___; 953 NW2d 204, 206 (2021), quoting *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 203 n 3; 393 NW2d 833 (1986).

(*i*) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.

\* \* \*

(*iii*) A person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days.

(*iv*) A person that has the immediate right of possession of a motor vehicle or motorcycle under an installment sale contract. [former MCL 500.3101(2)(k), as amended 2014 PA 492.]

The validity of a transfer of a motor vehicle is determined with reference to the relevant provisions of the motor vehicle code at the time of the transfer. See *Taylor v Burdick*, 320 Mich 25, 30; 30 NW2d 418 (1948). The requirements for transfers of ownership are set forth in MCL 257.233, and a person cannot transfer ownership of a motor vehicle unless all the requirements of that statutory section are met. See *Basgall v Kovach*, 156 Mich App 323, 327; 401 NW2d 638 (1986). Legal title is described in the motor vehicle code, MCL 257.233, as follows:

(1) If the owner of a registered vehicle transfers or assigns the title or interest in the vehicle, the registration plates issued for the vehicle shall be removed and transferred to the owner's spouse, mother, father, sister, brother, or child to whom title or interest in the vehicle is transferred, or retained and preserved by the owner for transfer to another vehicle upon application and payment of the required fees. A person shall not transfer the plates to a vehicle without applying for a proper certificate of registration describing the vehicle to which the plates are being transferred, except as provided in section 217(4). If the owner of a registered vehicle acquires another vehicle without transferring or assigning the title or interest in the vehicle for which the plates were issued, the owner may have the plates transferred to the subsequently acquired vehicle upon application and payment of the required fees.

\* \* \*

(8) The owner shall indorse on the certificate of title as required by the secretary of state an assignment of the title with warranty of title in the form printed on the certificate with a statement of all security interests in the vehicle or in accessories on the vehicle and deliver or cause the certificate to be mailed or delivered to the purchaser or transferee at the time of the delivery to the purchaser or transferee of the vehicle. The certificate shall show the payment or satisfaction of any security interest as shown on the original title. . . .

(9) Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or interest in the vehicle is the date of signature on either

the application for title or the assignment of the certificate of title by the purchaser, transferee, or assignee. [MCL 257.233.]

In this case, the record indicates that Draper filled out the form printed on the certificate of title for the sale of the truck and that both Draper and plaintiff signed the certificate. The certificate of title was then delivered to plaintiff before plaintiff drove the truck away from Draper's shop. See *Perry v Golling Chrysler Plymouth Jeep, Inc*, 477 Mich 62, 64; 729 NW2d 500 (2007) (under MCL 257.233(9), title transfers to the purchaser when the purchaser signs the certificate of title or the application for title is signed, not when it is delivered to the Secretary of State). The record therefore demonstrates that plaintiff held legal title to the truck, and was thus the owner of the truck, at the time of the accident.

The word "registrant" is not defined in the no-fault act, see *Titan Ins Co v State Farm Mut Auto Ins Co*, 296 Mich App 75, 86; 817 NW2d 621 (2012), but the terms "owner" and "registrant" are not synonymous under the act. *Clevenger v Allstate Ins Co*, 443 Mich 646, 658; 505 NW2d 553 (1993). In *Clevenger*, our Supreme Court explained that a seller of a vehicle destroys the presumption that the vehicle is registered by removing the plate, registration certificate, and insurance certificate from the vehicle. The Court explained:

> We read these provisions of the vehicle code and the no-fault insurance act in pari materia as indicating that an unexpired registration plate affixed to the vehicle serves as presumptive evidence that the vehicle is validly registered with the Secretary of State, and that it carries the statutorily mandated no-fault automobile insurance. **It logically follows that to destroy that presumption, the appropriate course of action after the sale of a vehicle is for the seller to remove the registration plate and the certificates of registration and insurance from the automobile.** [*Id.* at 660 (emphasis added).]

In this case, the parties do not dispute that before giving plaintiff possession of the truck, Draper removed the truck's license plate, registration, and certificate of insurance from the truck. These actions destroyed the status of Draper or Michigan Truck as registrant of the truck, *Clevenger*, 443 Mich at 660, regardless of whether Draper cancelled his registration of the truck with Michigan's Secretary of State. *Allstate Ins Co v State Farm Mut Auto Ins Co*, 230 Mich App 434, 441 n 7; 584 NW2d 355 (1998). Because neither Draper nor Michigan Truck was the registrant of the truck at the time of the accident, Progressive was not the insurer of the registrant of the truck at the time of the accident. Because plaintiff failed to establish that he is entitled to seek PIP benefits from Progressive under MCL 500.3114(4), the trial court erred by denying Progressive's motion for summary disposition.

Plaintiff, in an argument not directly responsive to the arguments made by Progressive, contends that on the day plaintiff purchased the truck, Draper told plaintiff that he would not cancel the insurance on the truck until the following Monday. Plaintiff argues that Draper thus retained an insurable interest at the time of the accident, sufficient to support the existence of a valid insurance policy. See *AB Petro Mart, Inc v Ali T Beydoun Ins Agency, Inc*, 317 Mich App 290, 298; 892 NW2d 460 (2016). None of the cases cited by plaintiff, however, suggests that to determine whether Progressive was the insurer of the "owner" or "registrant" of the truck under MCL 500.3114(4)(a), the Court must engage in an analysis of whether Draper had an insurable

interest in the truck. In other words, plaintiff has not demonstrated that an analysis regarding whether Draper had an insurable interest in the truck is relevant to a determining whether Draper remained the owner or registrant of the truck at the time of the accident. Whether Draper *could have* insured the vehicle is irrelevant to the necessary determination whether Progressive did in fact insure the vehicle at the time of the accident. Because we conclude that Progressive is not the priority insurer under MCL 500.3114(4), given that it did not insure either the owner or the registrant of the vehicle at the time of the accident, it is unnecessary for us to reach the question whether Draper had an insurable interest, or indeed, whether Progressive's policy was in effect at the time of the accident.

## C. MCL 500.3113

We also conclude that the trial court erred by failing to grant Progressive summary disposition because plaintiff is precluded from seeking PIP benefits under MCL 500.3113. At the time of the accident in this case, MCL 500.3113 provided, in part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (c) The person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state, and the motor vehicle or motorcycle was not insured by an insurer that has filed a certification in compliance with section 3163. [Former MCL 500.3113, as amended by 2014 PA 489.]

For a plaintiff to be excluded from PIP benefits under MCL 500.3113(c), all three conditions of that statutory section must be met. See *Perkins v Auto-Owners Ins Co*, 301 Mich App 658, 663; 837 NW2d 32 (2013). In this case, the parties do not dispute that plaintiff was a resident of Ohio, and not Michigan, at the time of the accident. Second, as discussed, substantial caselaw supports the conclusion that the truck was no longer registered in Michigan at the time of the accident. Third, the parties do not dispute that plaintiff was not insured by an out-of-state insurer that had filed a certification in compliance with section 3163. Accordingly, MCL 500.3113(c) precludes plaintiff from obtaining no-fault benefits arising from the accident.

Reversed and remanded for entry of summary disposition in favor of Progressive. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Michael F. Gadola
/s/ Anica Letica