AMBO *v.* HOLCOMB

1. PLEADING — AMENDMENT — AUTOMOBILES — JOINT OWNERSHIP — PREJUDICE—COURT RULE.

> Permitting the defendant to amend his pleadings in an automobile negligence case, after a verdict in his favor, to allege plaintiffs' joint ownership of their automobile was not error where the plaintiffs in their answer to the cross-complaint stated that they admitted ownership of "their" vehicle, but the trial court had advised the plaintiffs that they could controvert the effect of their pleading admission by producing a certificate of title to the automobile, and the plaintiffs demonstrated no prejudice from the amendment (GCR 1963, 118).

2. PLEADING—JUDICIAL ADMISSION—AMENDMENT OF PLEADING.

> Admission by the plaintiffs in their answer to the defendant's cross-complaint that they jointly owned their automobile constituted a judicial admission, eliminating the necessity of the defendant proving joint ownership; the defendant was then entitled to amend his pleadings to conform to the evidence.

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 November 5, 1970, at Lansing. (Docket No. 8690.) Decided December 10, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 288–315.
[2] 41 Am Jur, Pleading §§ 190–203.

Complaint by Joseph J. Ambo and Jane Ambo, his wife, against Herbert E. Holcomb and Dale B. Cook for automobile negligence. Counterclaim by Herbert E. Holcomb against Joseph J. Ambo. Verdict and judgment for Herbert E. Holcomb on his counterclaim. Plaintiffs appeal. Affirmed.

*Russell J. Comer,* for plaintiffs.

*Prettie, Parker & Hayes,* for defendant-counter-claimant Holcomb.

*Harvey W. Moes,* for defendant Cook.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

FITZGERALD, J.  The present action arose out of a three-car accident which occurred on April 14, 1967. From a jury verdict awarding defendant Holcomb $55,000 on his counterclaim against Joseph and Jane Ambo and a finding of no cause of action on the Ambos' complaint against Holcomb and Cook, the Ambos bring this appeal.

The major allegation of error concerns the order of the trial court permitting defendant Holcomb to amend his pleading to allege joint ownership of the Ambos' automobile, and hence joint liability, after the jury rendered its verdict for Holcomb against both Mr. and Mrs. Ambo.  The Ambos, however, clearly stated in their answer to Holcomb's cross-complaint that "plaintiffs and cross-defendants admit ownership of their vehicle."  This statement thus constituted a judicial admission, eliminating the necessity of Holcomb's proving the fact of joint ownership.  GCR 1963, 606; *Elliotte* v. *Lavier* (1941),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

299 Mich 353. Holcomb was thereafter entitled to amend his pleadings to conform to the evidence. GCR 1963, 118.3. The Ambos have demonstrated no prejudice from the amendment as that term is defined in the Committee Comment on GCR 1963, 118.[1] The pretrial conference order reveals that the Ambos were aware of the potential difficulty on this issue at that time. As the trial court advised, they could have controverted the effect of their admission by producing a certificate of title to the vehicle. Consequently, they cannot be heard to complain.

The Ambos also claim the trial court erred in permitting the use of a magnetic board as an illustrative device in that certain essential details of the accident were omitted. As an initial matter, they now assert a different ground for objection than that urged below. This Court has frequently warned litigants that we will not consider allegations of error raised for the first time on appeal. *Baker Contractor, Inc.,* v. *Chris Nelsen & Son, Inc.,* (1965), 1 Mich App 450, 453; *Eberts Cadillac Company* v. *Miller* (1968), 10 Mich App 270. In addition, the Michigan Supreme Court has sanctioned a similar use of such demonstrative exhibits. *Tanis* v. *Eding* (1936), 274 Mich 288, 298.

Affirmed. Costs to appellees.

All concurred.

---

[1] See Stat Ann Rules, GCR 1963, 118, Committee Notes, pp 72, 73; 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 408, 409.