LICHNOVSKY v ZIEBART INTERNATIONAL CORPORATION (ON REMAND)

Docket No. 67700. Submitted November 2, 1982, at Lansing.—Decided February 25, 1983.

Plaintiff, Anthony S. Lichnovsky, brought an action in the Genesee Circuit Court against defendants, Ziebart International Corporation and Ziebart Rustproofing Company, seeking an injunction to prevent the defendants from terminating a license agreement under which he operated Ziebart rustproofing stations in Genesee County. The trial court, Ollie B. Bivins, Jr., J., enjoined the defendants from terminating the agreement and from harassing or obstructing or interfering in any way with the conduct of the plaintiff's business. Defendants appealed to the Court of Appeals which held that because the agreement was for an unspecified or indefinite term it was terminable at will by defendants and remanded the case to the circuit court to determine the amount of time necessary for the plaintiff to recoup the expenditures incurred in preparing to perform the agreement. 93 Mich App 60 (1979). The plaintiff appealed to the Supreme Court which reversed the decision by the Court of Appeals and ruled that the agreement was terminable only for cause. The Court agreed with the circuit court and the Court of Appeals that cause had not been shown. The Supreme Court, therefore, remanded to the Court of Appeals to resolve the remaining issues raised by the defendants. 414 Mich 228 (1982). On remand, *held:*

1. The trial court's finding that the licensing agreement entitled plaintiff to use the Ziebart trade name was not clearly erroneous. Plaintiff's complaint alleged that the agreement gave him the exclusive right to use the name Ziebart in Genesee County. Defendants admitted the truth of that allegation in their answer and did not move to amend their pleadings thereafter. Therefore, they were bound by their admission.

2. The form of the part of the injunction enjoining defendants from harassing or obstructing or interfering in any way with

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 687.
[2] 42 Am Jur 2d, Injunctions § 352.

the conduct of the plaintiff's business fails to comply with the court rule regarding form and scope of injunctions. Plaintiff is required to comply with the required performance standards of the licensing agreement as long as he continues to operate pursuant to the agreement, however, defendants would violate the court's order merely by attempting to enforce their rights under the agreement. Therefore, the case is remanded to the trial court for a hearing to determine whether and under what conditions defendants' employees may enter plaintiff's business premises to inspect his operations. The court shall then enter an order providing in detail the conduct which is prohibited.

The trial court's findings are affirmed; the case is remanded for proceedings in accordance with this opinion.

1. PLEADINGS — ADMISSIONS — COURT RULES.

A defendant is bound by his admission to the truth of an allegation contained in the plaintiff's complaint where the defendant's answer contains such admission and he does not move to amend his pleadings thereafter (GCR 1963, 604).

2. INJUNCTIONS — APPEAL — COURT RULES.

The Court of Appeals may remand a case to the trial court for a hearing to determine in detail what conduct is to be prohibited by an injunction and for entry of an order to that effect where an injunction issued by the trial court has not complied with the requirements of the court rule regarding form and scope of injunctions (GCR 1963, 718.9).

*William J. Priehs,* for plaintiff.

*Goodenough, Smith & May* (by *Richard H. May* and *David L. Steinberg*), for defendants.

## ON REMAND

Before: DANHOF, C.J., and V. J. BRENNAN and R. B. BURNS, JJ.

PER CURIAM. This case is here on remand from the Supreme Court. It involves a claim by defendants that plaintiff breached a licensing agreement entered into in 1963. The circuit court ruled that plaintiff was not in breach of the agreement

and that plaintiff had a legal right to use the trade name Ziebart in the operation of his business. The court issued an order restraining defendant from terminating the agreement and from "harassing or obstructing or interfering in any way with the conduct of the [plaintiff's] business".

In its prior opinion, this Court ruled that plaintiff was required to comply with reasonable performance standards which were included in the 1963 agreement, but we held that the trial court was correct in its finding that defendants failed to satisfy their burden of proving the standards which applied in 1963 and that plaintiff breached those standards. However, we reversed the trial court's decision on another ground. We ruled that the 1963 agreement was terminable at will subject to the requirement that the agreement continue for a sufficient duration to permit plaintiff to recoup his investment. Therefore, we ordered the case remanded to the trial court to determine whether such recoupment had in fact occurred. 93 Mich App 60; 285 NW2d 795 (1979).

The Supreme Court reversed our decision in *Lichnovsky v Ziebart International Corp,* 414 Mich 228; 324 NW2d 732 (1982). The Court ruled that the agreement was terminable only for cause and agreed that cause had not been shown. Therefore, it remanded the case to this Court to resolve the remaining issues raised by defendants.

Defendants claim that the trial court's finding that the 1963 agreement entitled plaintiff to use the Ziebart trade name was clearly erroneous. We disagree.

In paragraph three of plaintiff's complaint, he alleged that the license agreement gave him the exclusive right in Genesee County to operate an

auto body rustproofing business using "the name Ziebart". In their answer, defendants admitted the truth of that allegation. Defendants did not move to amend their pleadings thereafter. Therefore, they are bound by their admission. GCR 1963, 604; *Ambo v Holcomb,* 29 Mich App 258; 185 NW2d 59 (1970).

Defendants' remaining claims relate to the injunctions issued by the trial court. The trial court's entry of the permanent injunction following the issuance of its opinion renders moot defendants' claim concerning the injunction issued prior thereto. Therefore, we find it unnecessary to address that claim. However, we do agree with defendants that the form of the second part of the permanent injunction fails to comply with the requirements of GCR 1963, 718.9.

The first part of the injunction restrains defendants from terminating the licensing agreement. However, the second part of the injunction enjoins defendants from "harassing or obstructing or interfering in any way with the conduct of the [plaintiff's] business". The difficulty with that order is that although defendants failed to establish at trial that plaintiff did not comply with the required performance standards, it does not follow from that finding that those standards no longer govern plaintiff's operation. On the contrary, plaintiff is required to comply with those standards as long as he continues to operate pursuant to the licensing agreement. Furthermore, it is apparent that those standards have little meaning if defendants are precluded from monitoring plaintiff's operations and from enforcing the standards. Since such conduct would constitute "interference" with plaintiff's business, defendants would be violating the court's order merely by attempting to enforce their rights under the contract.

Therefore, we remand the case to the trial court to conduct a hearing at which the court is to determine whether and under what conditions defendants' employees may enter plaintiff's business premises to inspect his operations. The court shall then enter an order which provides in detail the conduct which is prohibited. GCR 1963, 718.9(3).

The findings of the trial court are affirmed. The case is remanded for proceedings in accordance with this opinion.